## WITT v. STATE OF INDIANA

[No. 26,226. Filed May 18, 1933. Rehearing denied November 2, 1933.]

500

*Ira M. Holmes, Elza O. Rogers, Holmes, Ermston & Holmes,* and *Rogers & Smith,* for appellant.

*James M. Ogden* and *Philip Lutz, Jr.,* Attorneys-General, *Robert L. Bailey,* Special Assistant Attorney-General, and *Joseph McNamara,* Deputy Attorney-General, for the State.

TREANOR, C. J.—Appellant was tried and convicted upon an indictment which charged the commission of murder in the first degree "while engaged in an attempt to perpetrate the crime of robbery." The case was tried in the Boone Circuit Court on a change of venue from Marion County.

The grounds urged for reversal are: (1) that the trial court erred in overruling appellant's motion for a new trial; and (2) that the trial court erred in assuming jurisdiction over the person of the appellant and over the subject matter of the indictment.

To support the point that the trial court was without jurisdiction of person and subject matter the appellant "relies upon the record as shown by the transcript from the Criminal Court of Marion County to the Boone Circuit Court." The substance of appellant's position may be stated as follows:

(1) The issuance of a warrant is the act which confers jurisdiction over the subject matter and person of a defendant.

(2)  The record shows "that no warrant was issued for his (appellant's) arrest and the Court cannot assume that his appearance was voluntary."

We do not agree with appellant's contention that the trial court lacked jurisdiction but we cannot discuss the merits of this contention since the record affords no basis for the statement that no warrant was issued. Under "Pleas and Proceedings, had in the Boone Circuit Court" this entry is set out:

> "BE IT REMEMBERED, that on the 8th day of July, 1931, the following transcript together with all papers on change of venue from Marion Criminal Court was filed in the office of the Clerk of the Boone Circuit Court, as follows, to wit:"

The foregoing is followed by a recital of the proceedings in the Marion County Criminal Court connected with the return of the indictment and the motion for a change of venue from Marion County. The record does not expressly recite that a warrant was issued nor does it list individually and by title "all papers" which were transmitted with the transcript. It is clear, however, that the record does not show, as contended by appellant, that no warrant was issued for his arrest. The most that can be said in that respect is that it does not show by express recital that a warrant was issued. Since on appeal there is a presumption of regularity in the proceedings below we must presume that the usual and regular procedure of issuing a warrant was followed. *Nichols* v. *State* (1891), 127 Ind. 406, 413, 26 N. E. 839; *Davidson* v. *State* (1893), 135 Ind. 254, 267, 34 N. E. 972; Brown on Jurisdiction (2d. Ed.) §20a, p. 103. See also *Hollibaugh* v. *Hehn* (1905), 13 Wyo. 269, 79 Pac. 1044; *State* v. *Fitzgerald* (1892), 51 Minn. 534, 53 N. W. 799. We conclude that the record does not show the trial court's lack of jurisdiction of either subject matter or person of appellant.

Of appellant's causes for a new trial, only the 1st, 4th, 5th, and 6th are presented on appeal. The first cause, that the verdict of the jury is contrary to law, is supported only by the alleged lack of jurisdiction and we have already disposed of that proposition. Discussion of causes 4, 5, and 6 is limited to the following alleged errors of the trial court:

4. Errors of law in refusing to give instructions numbered 4, 15, 17, 18, 21, 23, 24, 25, 28, 32, 35, 36, 37, 38, 39, 41, and 45.

5. Errors of law in giving instructions numbered 7, 11, 16, and 18 on the court's own motion.

6. Errors of law in giving instructions numbered 1, 2, 3, and 4 tendered by the State of Indiana.

We find no basis for objection to the instructions given by the court. In our opinion instructions 7, 11 (as supplemented by instruction 12), and 16 stated accurately and correctly the law on reasonable doubt, alibi, and the proper function of the jury in the matter of determining the law of the case.

Appellant urges that the statement in instruction 11 that "such a defense (i. e. alibi) is as proper and legitimate, if proven, as any other defense and all evidence bearing upon that point is for the consideration of the jury" has the effect of placing the "burden upon the defendant of proving an affirmative defense." Strictly speaking *alibi evidence* is merely rebuttal evidence directed to that part of the state's evidence which tends to identify the defendant as the person who committed the alleged crime. And in a sense an *alibi* is adequately covered by a general instruction which declares that the state must prove beyond a reasonable doubt all the essential elements of the offense charged. If a defendant attempts merely to rebut the state's identity evidence by testimony which directly discredits such evidence there is no suggestion of an

affirmative defense; but when the defendant takes the initiative and, disregarding the state's identity evidence, attempts to set up an independent state of facts inconsistent with the defendant's presence at the time and place of the commission of the alleged crime this phase of his case is essentially an affirmative defense in form, character, and appeal to the jury. A defendant, however, by resorting to an alibi defense, does not relieve the state of the burden of identifying him beyond a reasonable doubt, as the perpetrator of th' alleged offense. And if, as appellant urges, the 11th instruction placed the "burden upon the defendant of proving an affirmative defense" it was erroneous. But we do not so construe the instruction. The statement that an alibi defense "is as proper and legitimate, if proven, as any other defense" could not have been understood as suggesting that the defendant had a legal burden of establishing an affirmative defense. We think the reasonable meaning was to protect the defendant from any possible prejudice of any juror against alibi evidence. This court has disapproved instructions which tended to discredit alibi evidence and no doubt the trial court was carefully guarding the defendant's interests in the spirit of this court's previous declarations. The language objected to by appellant was followed immediately by the following:

> "If in view of all the evidence, you have a reasonable doubt as to whether the defendant was in some other place when the crime was committed, you should give the defendant the benefit of that doubt and find him not guilty."

The court also stated that "the defendant is not required to prove the defense beyond a reasonable doubt to entitle him to an acquittal, nor is it required that such evidence should be absolutely clear; but it is *sufficient if it raises* a reasonable doubt in the minds of the jury, from all the circumstances of the case, whether or not the accused

was present at the time and place of commission of the crime charged." Appellant apparently shared the trial court's view as to "burden" since in his brief he remarks that "the appellant was not required to offer more proof than enough to establish and create a reasonable doubt on the subject of whether or not he was present at the time of the commission of the crime charged."

Appellant construes instruction 16 as requiring the jury to "draw the inference that the instructions of the court are the law and that they have no right to disregard the court's instructions." We approve the instruction which is as follows:

"Under the constitution and statutes of this State, a jury in a criminal case is to determine the law as well as the facts.

"It is made the duty of the Court to instruct you as to the law, and although it is your duty to consider such instructions, you have the right and it is your duty to determine the law for yourselves, although your determination thereof may differ from that of the court.

"You have no right however, to disregard the law, but it is your duty to determine it as it actually is."

We agree with the following statement of appellant:

"The court in giving instruction number 18 and in refusing to give instruction number 35, told the jury that only one of two possible verdicts could be returned by the jury; either that the defendant on trial must be found guilty of Murder in the First Degree while attempting to perpetrate a robbery, or that he must be acquitted, and refused to instruct the jury that there were any other included offenses."

But we also agree with the trial court's construction of the act of the General Assembly of 1929 (ch. 54, p. 136) as applied to the crime charged by the indictment in the instant case. In *Ramsey* v. *State* (1932), 204 Ind. 212, 183 N. E. 648, we considered the effect of

§§5 and 6 of the act of 1929 (§§2341.1 and 2341.2, Burns Ann. Ind. St. Supp. 1929, §§2403, 2404, Baldwin's Ind. Ann. St. 1934) and came to the conclusion that it was the legislative intent to exclude included offenses when an indictment or affidavit charges one of the offenses enumerated in the act. Our view was stated as follows:

"The somewhat unsatisfactory phraseology of §6 is evidently intended to mean that when a defendant is on trial charged with the commission of one of the offenses enumerated in the Act of 1929 he cannot be found guilty of another offense. * * * We think it is evident from §§5 and 6 of the act in question that the General Assembly intended to exclude "lesser offenses" from the consideration of court and jury and to limit the issue to the guilt or innocence of the defendant of the offense expressly charged and as defined in that section under which the prosecution is brought. This Court gave effect to that intent in *Mahoney* v. *State* (1932) (203 Ind. 421, 180 N. E. 580). We understand by the term "lesser offense" as used in §§5 and 6 an offense which is necessarily included in the offense defined in the particular section of the act; an offense of which the defendant might be found guilty under §§2312 and 2313, Burns, etc. 1926, (Acts of 1905, p. 584, §§271 and 272) if it were not for the restrictive features of §§5 and 6, supra. We realize that the term "lesser offense" is used as synonymous with "a less serious offense" or a "minor offense" when the one using the term is considering the quality of a criminal act or the severity of the penalty imposed. But since it is clear that one cannot be convicted of a lesser offense than the one charged in the indictment or affidavit unless the lesser offense is necessarily included in the offense charged the General Assembly must have intended that "lesser offense" as used in the statute should mean any offense necessarily included in any one of the offenses defined in the act. In short, the act must be construed to mean that if a defendant is charged with the offense of automobile banditry as defined in §3 he can not

be convicted of assault with intent to rob even though the indictment or affidavit may describe an assault with intent to rob as one of the necessary elements of the composite offense of automobile banditry."

The foregoing requires us to hold that the issue in the instant case was limited to the question of whether the defendant was guilty of murder while engaged in the attempt to perpetrate a robbery which by §4 of ch. 54, Acts of 1929, p. 137 (§2412, Burns Ann. Ind. St. Supp. of 1929) constitutes first degree murder punishable by death.

The trial court, over the objection of appellant, gave an instruction which was tendered by the state, and which instructed the jury that it was "not necessary for the state to prove that the defendant purposely killed said Lafayette A. Jackson, in order to constitute murder in the first degree while attempting to commit a robbery, as charged in the indictment." Appellant objects to the following statement in the instruction:

"To illustrate: to kill another unlawfully, in the perpetration of arson is made murder in the first degree by the statute upon which the indictment in this case is based. Suppose two men should feloniously set fire to the dwelling house of another, at the time supposing the same to be unoccupied, and it should turn out that a human being was sleeping therein, and that his life was destroyed by the fire; the perpetrators of that arson may not even have known of his destruction therein until long after the fire occurred; they may not even have known of his existence; yet the perpetrators of that arson would be guilty of murder in the first degree and upon conviction would suffer death. So, in this case, if the defendants Witt and Hamilton were engaged in a common purpose to rob the said Jackson, and his death resulted from a bullet fired by either one of the defendants while engaged jointly in attempting to perpetrate the crime of robbery,

> both would be equally guilty of murder in the first degree while attempting to commit a robbery although neither of the defendants purposed to kill said Jackson at the time of the attempt to commit the robbery as charged in the indictment, nor had any intention whatever to take his life."

There can be no valid objection to the illustration. It very effectively showed the immateriality of purpose to kill and we see no merit in appellant's contention that the minds of the jurors were confused or distracted from the issues by the illustration.

Appellant objects to the state's instruction No. 2 on the ground that it "informs the jury that if there was any evidence on the subject of flight or attempt to escape, that they could by that evidence infer that the defendant was guilty;" and also because it violates "the law of this State . . . that in a criminal case all facts tendered to establish the guilt of the defendant must be facts proven by the evidence to the satisfaction of each juror beyond a reasonable doubt." A casual reading of the instruction shows that appellant misconstrues the instruction. The court did not tell the jury that an inference of guilt could be drawn from "any evidence on the subject of flight or attempt to escape." The last part of the instruction is somewhat awkward but the fair meaning is that if the jury should find that the defendant fled to Kansas immediately after the alleged offense was committed and thereby endeavored to avoid arrest and prosecution, then such fact, if unexplained, might be considered, along with other facts and circumstances in the case which tended to connect the defendant with the commission of the crime charged and to authorize an inference of guilt. The second objection to the instruction erroneously assumes that the law of this State requires "that in a criminal case all facts tendered to establish the guilt of the defendant must be facts proven by the evidence to the

satisfaction of each juror beyond a reasonable doubt." No such rule is recognized in this state. The jurors must be convinced beyond a reasonable doubt of the ultimate facts constituting the guilt of the defendant but this final conviction in the minds of the jurors may rest upon a mass of evidentiary facts, many of which cannot be established beyond a reasonable doubt.

Appellant predicates error on the trial court's refusal to give certain instructions tendered by the appellant. The alleged error in refusing to give instructions numbered 4 and 23 cannot be considered without the transcript of evidence, which was not brought up.

We have considered the alleged error of the court in refusing to give instruction No. 35 in connection with our discussion of the alleged error of the court in giving instruction 18. (Supra, pp. 505-7.) Appellant's tendered instructions Nos. 36, 37, 38, and 45 involve the same legal question.

Appellant's tendered instructions Nos. 15, 17, 24, 25, 28, and 32 are not objectionable but do not present any statements of law which are not adequately covered by the instructions given by the trial court on its own motion.

We find no reversible error.

Judgment of the trial court is affirmed.