ARTERBERY *v.* STATE OF INDIANA.

[No. 31,091. Filed February 7, 1968.]

*Richard W. Mehl,* of Goshen, for appellant.

*John J. Dillon,* Attorney General, and *Dennis J. Dewey,* Deputy Attorney General, for appellee.

LEWIS, C. J.—The appellant was convicted of a criminal charge of accessory after the fact of uttering a forged check. The formal charge was by affidavit which, omitting the formal parts thereof, is as follows:

"The undersigned affiant swears that on or about the 4th day of December, 1965, at the County of Elkhart and State of Indiana, one Peter Allen O'Connell did then and there unlawfully, feloniously, falsely and fraudulently utter and negotiate and endorse a certain false, counterfeit and forged check purporting to have been made and executed by Silver Eagle Travel Trailers, Inc., under the signature of James H. Beatty, for the payment of a sum of money in the amount of One Hundred Twenty-Two Dollars and Thirty-four Cents ($122.34), which said false, forged and counterfeit check is in the following tenor, to wit:

(Obverse) :

'SILVER EAGLE TRAVEL TRAILERS, INC.    146
    1830 No. Adams St.                                71-115
                                    —————
    Elkhart, Indiana                                     712
        12/3  1965

Pay to the
    Order of   Gene Conley                          $122.34
       The Sum of $122 and 34 Cts Dollars
         SILVER EAGLE TRAVEL TRAILERS, INC.
                       /s/ James H. Beatty
St.
JVB
    St. Joseph Valley Bank
    Elkhart, Indiana
                   0712   0115   00   338   7
                         Pay  Roll  Check
    *DeLuxe* Check Printers — PE-8

(Reverse) :

Endorsed:   Gene Conley
Stamped:   For Deposit Only. Wilt's #3 Bob Wilson Super Market and Locker Plant, Inc., Elkhart, Indiana'

and on said date the said Peter Allen O'Connell did then and there knowingly negotiate and utter said false, forged and counterfeit check to Wilt's #3 Bob Wilson Super Market and Locker Plant, Inc. in the City of Elkhart, Indiana, with intent then and there and thereby to feloniously, falsely and fraudulently defraud the said Wilt's #3 Bob Wilson Super Market and Locker Plant, Inc., and the St. Joseph Valley Bank of Elkhart, Indiana, the Bank upon which said check was drawn; and that the said Charles Ellis Arterbery and the said Lester Joseph Rouch, after the commission of the felony aforesaid, to wit: on said date, not standing in relation of husband and wife, parent or child to the said Peter Allen O'Connell, did then and there, in the County and State aforesaid, unlawfully and feloniously, harbor and conceal and assist the said Peter Allen O'Connell, with the intent that the said Peter Allen O'Connell should then and there and thereby escape from detection, arrest, capture and punishment for the commission of said crime; Contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana.

/s/ Phil R. Stiver

Phil R. Stiver

STATE OF INDIANA, COUNTY OF ELKHART, ss:

Subscribed and sworn to before me, on this 7th day of December, 1965.

/s/ Michael A. Cosentino    (SEAL)
Michael A. Cosentino, Deputy Prosecuting Attorney."

The cause was heard by jury. In prosecuting this appeal, appellant makes the sole assignment of error that the conviction was not sustained by sufficient evidence.

The facts adduced at trial show substantially that on the night of December 3, 1965, the appellant, accompanied by one Rouch, burglarized a business establishment and, among other things, took several blank payroll checks. The following morning Rouch and the appellant took the checks to a third party's apartment, and using a rented typewriter typed in the checks. The third party, one O'Connell, signed the false signatures on them. Some of the checks were ruined in the process of preparing them for use in obtaining money.

The three parties then left the apartment and traveled to a number of business establishments in the appellant's truck. O'Connell presented the fraudulent checks at the business establishments and obtained cash for them. When O'Connell finally didn't emerge from one of the places of business, Rouch and the appellant, fearing that he had been apprehended, drove away and left him. They went directly to the appellant's home and "got rid" of all the check stubs. Then, they went to O'Connell's apartment and burned the checks which had been ruined previously. After these acts, the appellant and Rouch went to search for O'Connell, whereupon they were apprehended by the police.

It is the appellant's contention that the above evidence may support a conviction for burglary or forgery, but not for the crime of accessory after the fact. Burns' Indiana Stat., Anno., (1956 Repl.), § 9-103, reads in part as follows:

> "Every person not standing in the relation of husband or wife, parent or child, to any person guilty of any felony, who shall, after the commission of such crime, harbor, conceal or assist such offender, with intent that he shall escape from detection, capture, arrest or punishment, shall be deemed an accessory after the fact, . . . ."

It is clear from the evidence introduced at trial that the appellant did not harbor or conceal O'Connell. However, the State contends that the act of burning the "ruined" checks by appellant in O'Connell's apartment was certainly an act done with the intent that O'Connell should escape detection—or punishment—and, therefore renders the appellant an accessory.

In *Smith* v. *State* (1951), 229 Ind. 546, 99 N. E. 2d 417, this Court laid out the following required elements of the crime of which appellant was charged:

> ". . . (1) A felony was committed. (2) Appellant did harbor, conceal, or assist the principal, with intent that he should escape detection, arrest, capture, or punishment. (3) Appellant had knowledge of the crime at the time of

giving aid or assistance. (4) Appellant is not related to the person committing the robbery. *Bielich* v. *State* (1920), 189 Ind. 127, 129, 126 N. E. 220; § 9-103, Burns' 1942 Replacement."

In *Dennis* v. *State* (1952), 230 Ind. 210, 102 N. E. 2d 650, the term "assist" as contemplated in Burns', § 9-103, *supra,* is defined as:

" 'Assist' as here used comtemplates some positive, affirmative act intended to help or aid someone to escape arrest, capture or punishment."

It should be noted that this definition states that the act done need only be intended to help someone; that if it were of no aid to anyone, or of aid to other parties than the principal, it is irrelevant. It is sufficient if the accessory does an affirmative act intended to assist his principal.

We conclude that the burning of the checks was a sufficient affirmative act to bring the appellant under Burns', § 9-103 (*supra*).

The evidence was sufficient to sustain the verdict of the jury.

Judgment affirmed.

Arterburn, Hunter and Mote, JJ., concur.

Jackson, J., dissents.

NOTE.—Reported in 233 N. E. 2d 489.