ERNEST O'DELL WASHINGTON *v.* STATE OF INDIANA.

[No. 670S139. Filed August 9, 1971.]

*Gil I. Berry, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—Appellant was charged on August 21, 1969, with the crime of Assault and Battery with Intent to Rape. After three continuances at the request of the appellant and one by the state, the appellant was tried on the charge on February 19, 1970, and found guilty. The appellant was sentenced to the Indiana State Prison for not less than one [1] nor more than ten [10] years.

The record shows that on November 2, 1968, the complaining witness, a female person, was walking on Meridian Street between Maryland and Georgia, in Indianapolis, Indiana. An unknown person grabbed the woman and dragged her into an alley, saying, "If you scream I'll cut your throat." The attacker told the woman that, in her words, "he wanted to 'F' ", which the woman understood to mean that he wanted to have intercourse with her. After throwing her to the ground the attacker unzipped his pants, exposed himself, tore off the woman's undergarments, and "got on top of" her. Although no intercourse took place the attacker masterbated while on top of the woman. The woman was released and the attacker fled. The woman then proceeded to her place of employment and made a report of the incident to the police. On November 4, 1968, two days after the attack, the woman was taken to the Indianapolis Police Department to view photographs in an attempt to identify the attacker. While looking at colored slides of different subjects, the woman recognized one of the subjects to be the man who had attacked her. The police records disclosed that the subject identified by the woman was

the appellant, Ernest O'Dell Washington. On July 2, 1969, the appellant went to the Indianapolis Police Department to secure some identification papers, since his had been lost. While at the police station the appellant was arrested. On July 10, 1969, the woman identified the appellant in a line-up. On August 21, 1969, an indictment was filed charging the appellant with Assault and Battery with Intent to Rape. On November 3, 1969, the appellant filed a notice of alibi. On December 4, 1969, appellant was granted his third continuance. Thereafter, on January 30, 1970, the state filed its answer to the notice of alibi. In his notice of alibi, appellant alleged that on November 2, 1968, the date of the offense, he was in jail in Chicago, Illinois. During the trial the appellant introduced in evidence a letter written to him from an employment agency in Chicago, showing that he was in their office on October 28, 1968, five days before the offense took place in Indianapolis. Also, the Prosecutor, Mr. Budnick stipulated that a person with the name of Ernest Washington was arrested by the Chicago police and in jail on November 2, 1968, in Chicago. The stipulation made in court by Mr. Budnick is as follows:

"Mr. Budnick: Your honor, we stipulate that an arrest was made in Chicago at 11, oh, approximately about 11 or 11 . . .

\* \* \*

"Mr. Budnick . . . and that the Chicago police report shows that an Ernest Odell Washington was arrested—Ernest Washington was arrested, and the serial number was 344—*his Social Security number was 344-02-268.*" [Emphasis added].

The appellant testified that his Social Security number was 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. The Chicago police report or a copy of it was not introduced. Also, the complaining witness identified the appellant in the course of her testimony at trial.

Appellant first urges that the State of Indiana failed to prove the material averments of the Indictment, in that it failed to prove "felonious intent" on the part of appellant and

also that appellant "feloniously ravished and carnally knew" the complaining witness. First, we point out that as to the second of the above contentions, appellant has misquoted and misinterpreted the Indictment. The Indictment in part reads as follows:

". . ., did then and there unlawfully and feloniously in a rude, insolent and angry manner, touch, beat, strike and wound one _____, a woman then and there being, and then and there not being the wife of said ERNEST O'DELL WASHINGTON, with the felonious intent then and there and thereby unlawfully, and feloniously to ravish and carnally know her . . ."

Clearly, there was no burden on the State to prove that the appellant carnally knew her, but only that he committed the assault and battery with the intent of doing so. Second, as to the first of appellant's above contentions, that the State failed to prove "felonious intent", he is in obvious error. To prove the offense of Assault and Battery with Intent to Rape, the intended act [rape] need not to be shown to have been consumated, it needs only to be shown that there was conduct by the accused from which the court or jury could logically and reasonably infer the element of intent. This court in *Hanes* v. *State* (1900), 155 Ind. 112, 116, 57 N. E. 704, 705, made the following statement on this point.

"Intent is a mental function, and, where not consumated, it is impossible to know with absolute certainty what was operating in the actor's mind, and in such cases it must be arrived at by courts and juries from a consideration of the conduct and the natural and usual sequence to which such conduct logically and reasonably points . . ."

In light of the evidence presented by the State in the instant case, including the circumstances of the attack, the comment by the appellant, the appellant exposing himself, the tearing off of the victim's undergarments by the appellant, the dragging of the victim to the alley, and

threatening to cut the victim's throat, there was substantial, probative evidence from which a reasonable inference of the element of "felonious intent" to ravish and carnally know the victim could be made. See also *Byassee* v. *State* (1968), 251 Ind. 114, 239 N. E. 2d 586.

The appellant contends that there was insufficient proof of the identity of the appellant as being the person who attacked the complaining witness. We point out that this court is not privileged to weigh the evidence, to do so would be usurping the function of those constitutionally authorized to do so, *Lynn* v. *State* (1971), 255 Ind. 631, 266 N. E. 2d 8. We do find that there is sufficient evidence in the record to support the finding of the court. First, there was the identification of the colored slide of the appellant only two days after the attack. Second, there was a positive identification of the appellant by the victim after his arrest and at trial.

Appellant urges that the State failed to sufficiently rebut his evidence and proof of alibi. The alibi evidence in this case, as in any case, is merely rebuttal evidence, rebutting the State's evidence which establishes the identity of the appellant as being the person who committed the alleged offense. *Witt* v. *State* (1933), 205 Ind. 499, 185 N. E. 645. Thus, there was no burden put upon the State to rebut the appellant's rebuttal evidence and in this contention appellant is in error. Further, the appellant contends that the Prosecutor, Mr. Budnick, joined with the appellant in establishing his alibi, by his stipulation. This is hardly true; the person arrested in Chicago had a different Social Security number than that given by the appellant at the trial, as being his. Also, we note the difference between the time when appellant alleged he was arrested in Chicago and when the attack took place in Indianapolis. Appellant alleged he was arrested in Chicago on November 2, 1968, at approximately 10:30 or 11:00 at night. The attack in Indianapolis was at approximately 5:00 a.m. in the morning of November 2, 1968. View-

ing the evidence most favorable to the State, the appellant failed to rebut the State's proof of his identity as that of the man who attacked the complaining witness, by introduction of his alibi evidence.

Finally, the appellant contends that there was not sufficient evidence to sustain his conviction. Looking at the evidence as a whole and most favorable to the State we hold there was a sufficiency of the evidence.

Judgment of the trial court is affirmed.

DeBruler, Hunter, Givan, Prentice, JJ., concur.

NOTE.—Reported in 271 N. E. 2d 888.