STATE OF INDIANA *v.* CHARLES W. LEE, SR.

[No. 1-874A128. Filed June 5, 1975. Rehearing denied July 17, 1975.]

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

*William E. Weikert, Rice & VanStone,* of Evansville, for appellee.

LYBROOK, J.—Plaintiff-appellant State of Indiana appeals from the acquittal of defendant-appellee Charles W. Lee, Sr., on a charge of conspiracy to commit a felony, to-wit: prostitution. State's appeal concerns the applicability of the Indiana alibi statutes in criminal conspiracy prosecutions.

The record reveals that Lee and one Madelyn Wilds were indicted for conspiring to commit a felony, prostitution. The indictment designated that the conspiracy was formed on or about November 7, 1972. Pursuant to the applicable statutes,[1] Lee served upon the prosecutor an alibi notice for the date stated in the indictment, and further requested a statement regarding the exact place and date where and when he allegedly committed the crime of conspiracy as set forth in the indictment. State responded with a motion to strike, claiming in essence that alibi is not appropriate in a prosecution for conspiracy. After the overruling of that motion, State responded with an answer stating that since its case was based on circumstantial evidence, the precise date and place of the formation of the conspiracy could not be specifically delineated. The State did, however, state that the conspiracy was formed sometime during July and August, 1972.

At trial, Lee objected to the admission of any evidence concerning events not occurring in July and August 1972, claiming that the State, by its answer to his alibi notice, had bound itself to prove that the conspiracy was formed during that period. The trial court agreed, and ruled that the State was to confine its proof to events during those two months. Since much of the State's evidence concerned events outside these two months, the ruling effectively "gutted" the State's case, thereby precluding conviction.

The State challenges the actions of the trial court on two grounds, claiming (1) that alibi statutes are not applicable in criminal conspiracy cases due to the continuing nature of the offense, and (2) that the trial court erroneously applied

---

1. IC 1971, 35-5-1-1—35-5-1-3, Ind. Ann. Stat. § 9-1631—§ 9-1633 (Burns 1956.)

the alibi statutes to exclude evidence of events not occurring within the time span designated in State's answer to the alibi notice of Lee.

## I.

We find State's first argument unpersuasive. On their face, the applicable alibi statutes pertain to all criminal proceedings other than those before a Justice of the Peace:

"Whenever a defendant in a criminal case in a court other than that of a Justice of the Peace shall propose to offer in his defense evidence of alibi . . ." IC 1971, 35-5-1-1 Ind. Ann. Stat. § 9-1631 (Burns 1956).

State cites no authority, nor can any be found which advances the proposition that alibi statutes should not apply in criminal conspiracy cases. Moreover, in *Shelton* v. *State* (1972), 259 Ind. 559, 290 N.E.2d 47, our Supreme Court impliedly recognized the applicability of the alibi statutes to criminal conspiracy cases.

While, as a practical matter, proper application of the alibi statutes in a case involving proof of a continuing criminal offense by circumstantial evidence may effectively render the statutes useless, it does not follow that they should be deemed inapplicable in all such cases. Certainly, one need not strain his imagination to devise such a case where the defense of alibi would be appropriate. We therefore reject State's first ground of error, concluding that the defense of alibi may be invoked in a criminal conspiracy prosecution.

## II.

Secondly, State urges that the trial court erred in applying the alibi statutes to exclude evidence concerning events transpiring other than during July and August, 1972. The State maintains that despite the fact that their answer to Lee's alibi notice indicated that the conspiracy was formed during that period, evidence of other acts of the conspirators outside those months should be admissible to support the inference that the crime was committed.

However, the trial judge not only disallowed evidence of Lee's prior conduct, but also disallowed *all* evidence within periods other than July and August, 1972. The question herein is not whether certain evidence is admissible under the general rules of evidence, but what effect, if any, the alibi statutes have on the admission of evidence not within the time span designated in State's answer. Carrying the trial court's application of the alibi statute to its logical conclusion, each time the State specifies the exact date of offense, it would be strictly limited to presenting evidence concerning that date. We cannot approve such a result. See, *Woods* v. *State* (1968), 250 Ind. 132, 235 N.E.2d 479.

In concluding that the trial court erred in applying the alibi statutes to exclude all evidence of all events not occurring within the time span designated in State's answer to Lee's alibi notice, we expressly confine our holding to the instant case. By excluding all evidence not within July and August, 1972, the trial judge excluded otherwise relevant and admissible circumstantial evidence. Under the peculiar circumstances of this case, we cannot approve such a sweeping evidentiary ruling. The continuing nature of the offense of conspiracy herein, coupled with the lack of direct evidence compels our conclusion. While the trial court's ruling might properly have excluded evidence of the co-conspirators' formation of the conspiracy outside July and August, it is not the purpose of the alibi statutes to exclude all other circumstantial evidence not within those months. Rather, resort to the general rules of evidence is appropriate and necessary.

We therefore conclude that the trial court properly held that alibi statutes are applicable in criminal conspiracy cases; and to that extent, State's appeal is denied. However, in the most unusual circumstances of this case, we sustain State's appeal as to the trial court's erroneous application of the alibi statutes excluding all evidence of all events not within the time span designated in State's answer to Lee's alibi notice.

Appeal sustained in part, denied in part.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 328 N.E.2d 745.

### ON PETITION FOR REHEARING

LYBROOK, J.—Since our original opinion in this matter, 47 Ind. Dec. 257, 328 N.E.2d 745, Lee has filed (1) a motion to dismiss alleging lack of jurisdiction, and (2) a petition for rehearing alleging lack of jurisdiction and that our holding contravened a ruling precedent of the Supreme Court.

Relying upon IC 1971, 35-1-47-2, Ind. Ann. Stat. § 9-2304 (Burns Supp. 1974), Lee maintains that jurisdiction of State's appeal from his acquittal lies solely with the Supreme Court:

"9-2304 IC 35-1-47-2. Appeal by state.—Appeals to the *Supreme Court* may be taken by the state in the following cases. First. From a judgment for the defendant, on quashing or setting aside an indictment or information, or sustaining a plea in abatement.

Second. From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.

Third. From a judgment of the court arresting judgment. Fourth: Upon a question reserved by the state." (Emphasis added.)

Lee's argument however, overlooks the rules of appellate procedure which govern this court's jurisdiction. Notwithstanding any law, statute, or rule providing for a direct appeal to the Supreme Court, all appeals except those few enumerated in Ind. Rules of Procedure, Appellate Rule 4(A), are to be taken to this court. AP. 4(B). Inasmuch as State's appeal did not fall within one of the limited categories of AP. 4(A), jurisdiction lay in this court. Lee's motion to dismiss therefore is overruled.

Having disposed of the jurisdictional contention, we need only address Lee's argument in his petition for rehearing that our opinion contravened the case of *State* v. *Robbins* (1943), 221 Ind. 125, 46 N.E.2d 691, by not limiting our opinion to questions of law for the guidance of inferior courts.

We vigorously disagree with such an assertion and suggest that petitioner once again reread our decision. It does not in any manner amend, modify, affect or reverse the judgment rendered by the Vanderburgh Circuit Court in this case. It neither suggests nor implies that Lee is subject to re-trial, and such an attempt by the State would raise serious constitutional questions. Rather, our holding falls within the fourth clause of IC 1971, 35-1-47-2, *supra,* and is in harmony with *Robbins.*

Lee's petition for rehearing is denied.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 331 N.E.2d 50.