JAMES L. COLLISON *v.* STATE OF INDIANA.

[No. 1-1274A192.  Filed September 3, 1975.]

*William E. Weikert, Rice & VanStone,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert M. Lingenfelter,* Deputy Attorney General, for appellee.

PER CURIAM—James L. Collison, defendant, is appealing his conviction of accessory after the fact[1] to second degree burglary[2] for which he was sentenced to the Indiana Department of Correction for a period of not less than one nor more than five years.

We affirm.

The facts viewed most favorably to the State reveal that on November 7, 1973, employees of the Workingman's Institute, a combination library and museum in New Harmony, Indiana, found that a number of items had been taken from the museum on the second floor. An investigation of the premises disclosed a back door left unlocked and open.

William Cox, Sheriff of Posey County, testified that after the burglary he sent a list of the stolen artifacts to various U.S. treasury agents in the midwest. Included on that list were a number of antique dolls, an antique watch and case, a mounted machinegun, single shot rifles and pistols. Cox stated further that on December 18, 1973 he received a call from agents in the Illinois Division of the U.S. Treasury Depart-

1. IC 1971, 35-1-29-3, Ind. Ann. Stat. § 9-102 (Burns 1956).
2. IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956).

ment concerning defendant's arrest in Illinois and the confiscation of numerous antique dolls and an antique watch with case. Cox and two of his deputies then went to defendant's rooming house in New Harmony to search the premises. Mary Rickens, defendant's aunt and owner of the residence in which he roomed, consented to the search by the authorities. However, no incriminating evidence was found.

On December 19, 1973, Cox went to the Carbondale, Illinois Police Department where defendant was in custody. After being advised of his rights, defendant related to Cox that one Steve Harrington broke into the Workingman's Institute and that defendant and Harrington brought several of the antique dolls from Indiana to Carbondale to be sold. When defendant was told that Cox and his deputies had searched his rooming house and that nothing had been found, defendant proceeded to describe a hidden room in the attic where a machinegun and two antique rifles were hidden. On December 19, 1973 Cox's deputy returned to defendant's rooming house and, based upon the information given by defendant, found the hidden room and the stolen goods.

On December 21, 1973 defendant was charged with being an accessory after the fact to second degree burglary. Trial by jury resulted in a verdict of guilty as charged.

Defendant claims as error the admission into evidence of his extra-judicial statement without proof of the corpus delicti, insufficient evidence to sustain his conviction, and the admission of evidence occurring at a time and place outside the State's answer to defendant's alibi notice.

Although defendant challenges the admissibility of certain extra-judicial statements he made to Cox while in the Carbondale jail, claiming the State failed to prove the corpus delicti, he has overlooked the fact that Officer Cox was allowed to relate the content of this conversation without objection. Furthermore, *Defendant's Exhibit 1,* also admitted without objection, sets forth the substance of

Cox's conversation with defendant which coincides with testimony defendant later attempts to exclude. Thus, we feel that defendant has failed to preserve on appeal the issue of lack of proof of the corpus delicti. *Ballard* v. *State* (1974), 262 Ind. 482, 318 N.E.2d 798, 807; *Harrison* v. *State* (1972), 258 Ind. 359, 281 N.E.2d 98.

Nevertheless, it is well established in Indiana that a confession[3] must be excluded unless the State introduces corroborating evidence of the corpus delicti or "specific crime charged." *Cambron* v. *State* (1975), 262 Ind. 660, 322 N.E.2d 712. Generally, the corpus delicti consists of some independent evidence of each of the elements of the crime. *Cambron, supra.* The order of proof of the independent evidence is within the sound discretion of the trial judge and no abuse will occur where the nature of the case, the evidence, or convenience requires a deviation from the usual order. *Thomas* v. *State* (1975), 262 Ind. 590, 321 N.E. 2d 194; *Ballard, supra.*

Although somewhat out of order, the independent evidence revealed that the Workingman's Institute was broken into and a number of historical articles taken from a second floor museum. Some of these articles were found in defendant's possession and his specific directions to a hidden attic room in his rooming house led authorities to others. Inasmuch as the independent evidence can be circumstantial and need not prove the corpus delicti beyond a reasonable doubt, we conclude that the State fulfilled its burden of proving second degree burglary of the Workingman's Institute and defendant's accessorial acts of concealing and then disposing of the stolen property. The court did not abuse its discretion by deviating from the usual order of proof.

In order to sustain a conviction, however, the State must prove each element of the crime beyond a reasonable doubt.

3. IC 1971, 35-5-5-5 (Burns Code Ed.) reads as follows:
"As used in this act (35-5-5-1—35-5-5-5), the term 'confession' means any confession of guilt of any criminal offense or any self-incriminating statement made or given orally or in writing."

*Cambron, supra.* Once the corpus delicti is proven, the confession can then be admitted into evidence and it is left to the jury to weigh the confession as with every other item of evidence. The elements of the crime of being an accessory after the fact which must be proven beyond a reasonable doubt are as follows:

" '. . . (1) A felony was committed. (2) Appellant did harbor, conceal, or assist the principal, with intent that he should escape detection, arrest, capture, or punishment. (3) Appellant had knowledge of the crime at the time of giving aid or assistance. (4) Appellant is not related to the person committing the . . . [felony].' Smith v. State (1951), 229 Ind. 546, 99 N.E.2d 417." *Overton* v. *State* (1974), 161 Ind. App. 650, 317 N.E.2d 467, 471.

A careful reading of the record, including the confession in the Carbondale jail, discloses that defendant was aware of Harrington's burglary and in furtherance thereof assisted Harrington in concealing the goods in a hidden room where he was living. A strong inference exists that part of the goods were then taken from the attic to Carbondale, Illinois to either be sold or given away. The evidence was uncontroverted that defendant gave his girlfriend "gifts" of property known to him to be stolen from the Workingman's Institute. Such affirmative acts are sufficient to prove a charge of being an accessory after the fact. *Arterbury* v. *State* (1968), 249 Ind. 541, 233 N.E.2d 489. See: *Thomas, supra.*

Sufficient evidence of probative value, direct as well as circumstantial, was presented to a jury from which it could find guilt beyond a reasonable doubt.

It is lastly contended that the court erred in admitting into evidence testimony of events occurring outside the time and place stated in the State's answer to defendant's alibi. In response to defendant's alibi notice, the State answered in pertinent part as follows:

"3. That the place where the crime of accessory after the fact, second degree burglary took place was the residence of Mary Rickens, in New Harmony, Indiana."

It is argued that the court committed reversible error by allowing witnesses to testify that defendant had given away antique dolls, an antique watch and case and Indian beads in Carbondale, Illinois after limiting the locus of the crime to the rooming house in New Harmony.

Indiana Courts have refused to adopt a rule excluding all evidence of events occurring outside time and spatial limits raised by a notice of alibi. *Woods* v. *State* (1968), 250 Ind. 132, 235 N.E.2d 479; *State* v. *Lee* (1975), 164 Ind. App. 391, 328 N.E.2d 745. Testimony of events outside such limits is admissible if it circumstantially proves commission of a particular crime within the limits, *State* v. *Lee, supra.*

As stated above, the facts and inferences to be drawn therefrom, demonstrate that the stolen artifacts were first hidden in defendant's rooming house, owned by his aunt, and a portion thereof then taken to Carbondale to be disposed of. Under these circumstances, evidence of events in Carbondale circumstantially prove the criminality of defendant's acts in his New Harmony rooming house. *State* v. *Lee, supra.*

Having demonstrated no reversible error, defendant's conviction is hereby affirmed.

NOTE.—Reported at 333 N.E.2d 787.