JERRY THOMAS LOPSHIRE v. STATE OF INDIANA.

[No. 3-874A146. Filed September 11, 1975].

*Bruce S. Cowen,* Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Gary M. Crist,* Deputy Attorney General, for appellee.

PER CURIAM—The only issue presented for review by this appeal is whether the evidence is sufficient to sustain Jerry Thomas Lopshire's conviction of Assault and Battery with Intent to Commit a Felony, to-wit: Rape.[1]

We affirm.

The facts of this case viewed most favorably to the State are as follows:

On the morning of September 5, 1973, Lopshire knocked on the victim's front door and when she answered, he asked her for a drink of water. She agreed and when she returned with the water, he grabbed her by the arms and shoved her back into the house and into her bedroom. There, he threw her onto the bed, told her "I want you" and threatened to kill her if she continued to resist. He ordered her to remove her clothing and when she refused, he began tearing her clothes off himself, ripping her dress, slip and bra. The victim managed to break free and ran to the kitchen. Lopshire followed her, she threw a glass of water in his face and he struck her, knocking her to the floor. She then ran from the house and Lopshire left.

---

1. IC 1971, 35-1-54-3, Ind. Ann. Stat. § 10-401 (Burns Supp. 1974).

In order to sustain a conviction of assault and battery with intent to commit a felony, to-wit: rape, there must be substantial evidence of probative value to permit the trier of fact to conclude, beyond a reasonable doubt, that the defendant committed an assault and battery upon the victim and that he did so with the intent to rape her. *Washington* v. *State* (1971), 257 Ind. 40, 271 N.E.2d 888.

Lopshire concedes the evidence is sufficient to establish the assault and battery; he challenges only the sufficiency of the evidence to establish his intent to rape.

In *Washington, supra,* our Supreme Court stated

"To prove the offense of Assault and Battery with Intent to Rape, the intended act [rape] need not to be shown to have been consummated, it needs only to be shown that there was conduct by the accused from which the court or jury could logically and reasonably infer the element of intent. This Court in Hanes v. State (1900), 155 Ind. 112, 116, 57 N.E. 704, 705, made the following statement on this point. 'Intent is a mental function, and, where not consummated, it is impossible to know with absolute certainty what was operating in the actor's mind, and in such cases it must be arrived at by courts and juries from a consideration of the conduct and the natural and usual sequence to which such conduct logically and reasonably points. . . .' " 257 Ind. 40, 44.

Here, Lopshire forced his victim onto her bed, made a sexually suggestive remark and attempted to forcibly remove her clothing when she refused to co-operate. Such conduct permits an inference that Lopshire possessed the requisite intent to rape the victim. *Jester* v. *State* (1975), 163 Ind. App. 24, 321 N.E.2d 762.

Lopshire's assertion that evidence of his physical inability to engage in sexual intercourse established a valid defense to the charge of assault and battery with intent to rape is without merit. A valid conviction of assault and battery with intent to rape does not require proof that the intended act be consummated. *Washington, supra.* While Lopshire presented evidence regarding ability to have an erection, it was not sufficient to establish as a matter of

law the sole inference that he was incapable of intercourse. Whether his failure of consummation was a result of the victim's successful resistance or of his inability to carry out his intentions, the crime of assault and battery with intent to rape was complete when Lopshire made his attempt and committed the assault and battery.

The judgment of the trial court is affirmed.

NOTE.—Reported at 333 N.E.2d 305.