**James G. KAPPOS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 782 S 274.**

Supreme Court of Indiana.

July 17, 1984.

David Capp, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Latrielle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction for murder, Ind.Code § 35–42–1–1. The case was tried before a jury. Appellant was sentenced to a maximum of sixty years.

Appellant raises four issues on appeal, namely: (1) whether the State's failure to respond to his Notice of Alibi denied him due process and violates the mandatory procedures in the alibi statutes, Ind.Code § 35–5–1–1 *et seq.*, (since repealed); (2) whether the trial court erred in denying his motion for change of venue from the county; (3) whether the trial court erred in denying his motion for change of venue from the judge; and (4) whether the conviction for murder is sustained by the evidence.

The evidence supporting the verdict shows appellant, James G. Kappos, paid David Hayes a total of five hundred dollars to kill appellant's wife, Charlene Kappos. When Hayes attempted to return the money and free himself of his assignment, appellant refused return of the money and threatened harm to Hayes' family. On June 15, 1981, David Hayes fulfilled his assignment by traveling to Portage, Indiana, and killing Charlene Kappos.

I.

Appellant filed a Notice of Alibi pursuant to Ind.Code § 35–5–1–1 on October 8, 1981. This notice stated that appellant would show he was at his residence in Michigan at the time of the alleged murder. It also requested that the State file: a specific statement in regard to the exact date which the prosecutor proposes to present at the trial as the date when, and the exact place which the prosecution proposes to present at trial as the place where appellant was alleged to have committed or to have participated in the offense. Ind.Code § 35–5–1–2. The Notice of Alibi was timely filed. At the pre-trial hearing held on October 20, 1981, the State refused to respond to the Notice of Alibi.

■ The alibi notice provisions were not intended to apply to a situation, like the one presented here, involving a murder by hire. In *Witt v. State*, (1933) 205 Ind. 499,

503, 185 N.E. 645, 647, this Court defined alibi evidence as "rebuttal evidence directed to that part of the State's evidence which tends to identify the defendant as the person who committed the alleged crime." This case, however, rests on the principle that "an accessory is liable for the acts of a principal although he did not personally participate in them." *Dozier v. State,* (1976) 264 Ind. 329, 332, 343 N.E.2d 783, 785.

Normally, an employer hires an employee to work for him so the employer does not have to participate in the work himself. When a person hires the commission of murder he does so for the very reason that he has no desire to be present at the scene or pull the trigger himself. When Ind.Code § 35-41-2-4 provides that the person who induces commission of the offense commits the offense, it is imposing a form of vicarious liability rather than a liability based upon the physical participation in the act which actually constitutes the offense itself. The type of participation in the offense required in order to set into motion the entire gamut of duties and penalties encompassed in the alibi statutes is in the nature of mediate conduct in relation to the injury of the offense. The act of hiring another to commit murder does not fall within the parameters of the participation necessary to set the alibi statutes into motion. This Court has refused to adopt a rule excluding all evidence of events occurring outside the time and spatial limits raised by a notice of alibi. *Woods v. State,* (1968) 250 Ind. 132, 235 N.E.2d 479; *State v. Lee,* (1975) 164 Ind. App. 391, 328 N.E.2d 745. Testimony describing events outside such limits is admissible if it circumstantially proves commission of a particular crime within the limits, *State v. Lee, supra.* The evidence of appellant's activities and whereabouts prior to the offense did circumstantially prove the commission of the offense on June 15, 1981. Consequently, the trial court did not err when it allowed into evidence testimony of his activities and whereabouts prior to June 15, 1981. Furthermore, he was not denied due process and the statutory procedures were not violated because they were inapplicable.

## II.

Appellant moved for a change of venue from the county and presented in support of the motion, newspaper articles, testimony from a radio broadcaster, and a statistical survey of the knowledge and attitudes of the citizens of Porter County concerning the case.

The granting of a change of venue from the county, except those cases wherein the death penalty is charged, is discretionary with the court. On appeal this decision will not be reversed absent a showing of abuse of discretion. *Comstock v. State,* (1980) 273 Ind. 259, 406 N.E.2d 1164. Most cases on appeal wherein a review of a denial of a change of venue is sought suffer from an inadequate evidentiary record showing bias and prejudice. Appellant attempts to overcome this problem by demonstrating the existence of inflammatory newspaper articles and radio broadcasts. Prejudicial pretrial publicity is that which contains inflammatory material which would not be admissible at the defendant's trial, or misstatements or distortions of the evidence given at the trial. *Bruce v. State,* (1978) 268 Ind. 180, 375 N.E.2d 1042, 1064. Although there were newspaper articles and radio broadcasts that were inflammatory, they were too few in number and too distant from the trial date to warrant a finding of actual prejudice to appellant.

Appellant claims that according to the statistical survey he had conducted, eighty-two percent of the population sample had knowledge of his case. Out of this eighty-two percent, fifty percent believed appellant to be guilty and no one expressed an opinion of his innocence. However, this Court is not convinced that this particular survey demonstrates a pattern of deep and bitter prejudice present throughout the community.

Although the judge makes his decision on the change of venue motion prior to and independent of the selection of the jury, this Court may examine the voir dire record in order to determine the validity of the denial of the change of venue motion. See *Grooms v. State*, (1978) 269 Ind. 212, 379 N.E.2d 458. Here, the record does not demonstrate that impressions or opinions had been formed by the jurors on the basis of the pre-trial publicity. See *Monterserrate v. State*, (1976) 265 Ind. 153, 352 N.E.2d 721, 723. Also defendant did not exhaust his peremptory challenges. See *Morris v. State*, (1977) 266 Ind. 473, 364 N.E.2d 132; *McFarland v. State*, (1975) 263 Ind. 657, 336 N.E.2d 824. Thus the defendant was in no way harmed by the trial court's denial of the change of venue motion, and there was no error in its denial. *Grooms v. State, supra.*

### III.

Appellant moved for change of venue from the judge because the judge had previously heard relevant evidence in a child support and custody matter between appellant and the victim, Charlene Kappos. When Judge Douglas denied the motion, he specifically stated that (1) he was neither biased nor prejudiced; (2) although defendant and his wife appeared before him with a child custody issue several years earlier, their case was one of the three to four hundred which the court had heard that year and the Kappos case had made no particular impression on the court; and (3) in the earlier proceeding the court had decided nothing on the merits but had only sent the parties back to the Michigan court where the divorce was pending.

The granting of a change of venue from the judge is a discretionary act and will only be reversed on appeal upon a showing of abuse of discretion. *Cade v. State*, (1976) 264 Ind. 569, 348 N.E.2d 394. There is insufficient evidence to support the appellant's contention. The evidence heard by the judge that was similar to that in the previous custody and child support matter came to bear at the sentencing stage of the trial, and the trial court judge specifically stated that "the Court has adopted the pre-sentence report as its guideline in this case." The trial court did not err in denying appellant's motion for a change of venue from the judge.

### IV.

In reviewing a challenge to the sufficiency of the evidence, this Court does not weigh the evidence or resolve the questions of credibility, but looks only to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. The evidence in support of the verdict shows that appellant paid David Hayes a total of five hundred dollars to kill appellant's wife, Charlene Kappos. He had made a threat to his wife over the phone that he had someone that was going to take care of her. When Hayes attempted to return the money and free himself of his assignment, appellant refused return of the money and threatened harm to Hayes' family. On June 15, 1981, David Hayes fulfilled his assignment by traveling to Portage, Indiana, and killing Charlene Kappos.

Appellant contends that Hayes' testimony is not sufficiently probative to support the verdict in that his testimony is inherently incredible. Substantive evidence of probative value, such as is necessary to support a conviction, has qualities of directness and freedom from uncertainty. *Vuncannon v. State*, (1970) 254 Ind. 206, 258 N.E.2d 639. Hayes' testimony was inconsistent at times, but it was corroborated by other witnesses thereby rendering it sufficiently probative. Inconsistencies in the evidence go to the weight of the evidence and do not make the evidence incredible as a matter of law. It is the task of the jury to weigh the evidence and to determine the credibility of the witnesses. *Taylor v. State*, (1981) Ind., 425 N.E.2d 141. There was sufficient evidence to support the trial court's verdict beyond a reasonable doubt.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.