STATE OF HAWAII, Plaintiff-Appellee, *v.* STEVEN CORDEIRA, Defendant-Appellant

NO. 10183

(CR. NO. 59445)

OCTOBER 18, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY NAKAMURA, J.

The defendant in a criminal case tried before a jury "is entitled to an instruction on every defense or theory of defense having *any* support in the evidence." *State v. O'Daniel*, 62 Haw. 518, 527, 616 P.2d 1383, 1390 (1980) (emphasis in original). Steven Cordeira, who relied on an alibi defense at trial, contends the trial court erred in refusing his alibi instructions. But after reading the court's charge to the jury in its entirety, we are convinced no error was committed. Thus, we affirm the judgment of the Circuit Court of the First Circuit.

I.

Shortly after 9:00 p.m. on February 22, 1983, a man accosted Mrs. Margeurite Pascoe in the lobby of an apartment complex in Waianae, knocked her down, snatched her purse, and fled. Her husband, their friend Mr. Stimson, and a security guard gave chase, but the fleeing assailant eluded them. Steven Cordeira was later identified as the culprit and indicted for Robbery in the Second Degree, Theft in the First Degree, and Attempted Theft in the First Degree.

At trial, two persons who witnessed the criminal episode identified the defendant as the robber. But Cordeira claimed he was elsewhere when the alleged crime occurred. He testified he was then at Kathleen

Yamanouchi's apartment in Aiea, and this was corroborated by Mrs. Yamanouchi. Another defense witness also gave testimony tending to support the defendant's claim that he could not have been at the scene of the robbery.

After the close of evidence the defendant requested that the jury be given three "special" instructions dealing with his alibi defense.[1] The trial court, however, rejected the instructions proffered by the defendant. It chose instead to guide the jury's consideration of Steven Cordeira's alibi defense with an instruction iterating the State's burden of proof on every element of the charged offenses, including "the burden of proving beyond a reasonable doubt the identity of the defendant as the person responsible."[2]

The jury found the defendant had committed the three offenses charged in the indictment, but the court adjudged him guilty only of the robbery and attempted theft counts.[3] He appeals from the judgment and

---

[1] The three "special" alibi instructions requested by the defendant read as follows:
DEFENDANT'S NO. 1
The Defendant has introduced evidence tending to prove that he was not present at the time and place of the commission of the alleged offense, for which he is here on trial. If, after a consideration of all the evidence, you have a reasonable doubt whether the Defendant was present at the time of [sic] the crime was committed, he is entitled to an acquittal.
DEFENDANT'S NO. 2
When one who was not at the place where a crime was committed at the time of its commission is later charged with having been present and having committed or taken part in committing such crime, his absence from the scene of the crime, if proved, is a complete defense to the charge.
The Defendant has introduced evidence on his behalf that he was not present at the time and place of the commission of the alleged offense, for which he is here on trial. If, after a consideration of all the evidence, you have a reasonable doubt whether or not the Defendant was present at the time the crime was committed he is entitled to an acquittal.
DEFENDANT'S NO. 3
Failure to establish an alibi is not evidence of guilt since it is the burden of the State to prove the guilt of the Defendant and not the burden of the Defendant to establish his innocence.

[2] The trial court's charge to the jury included the following instruction:
The burden of proof is on the prosecution with reference to every element of a crime charged, and this burden includes the burden of proving beyond a reasonable doubt the identity of the defendant as the person responsible for a crime charged.

[3] While the jury returned a verdict of guilty on all three counts of the indictment, the trial court adjudged the defendant guilty of Count I, Robbery in the Second Degree, and Count III, Attempted Theft in the First Degree pursuant to HRS § 701-109.

sentence of the court, asserting reversible error was committed when his alibi instructions were refused.

## II.

Steven Cordeira served notice of an intent to rely on an alibi and adduced evidence in support of his claim that he was several miles away in Aiea while Mrs. Pascoe was being victimized in Waianae. That he was entitled to an instruction on the tendered defense is not disputed. *See State v. O'Daniel, supra.* The question is whether the trial court's instructions provided the jury with "proper guidance in its consideration of the issue[]" raised by the defendant. *State v. Feliciano,* 62 Haw. 637, 643, 618 P.2d 306, 310 (1980). We think they did.

## A.

In the context of a criminal prosecution, "alibi" denotes an attempt by the defendant to demonstrate he "did not commit the crime because, at the time, he was in another place so far away, or in a situation preventing his doing the thing charged against him." *Azbill v. State,* 19 Ariz. 499, 501, 172 P. 658, 659 (1918). "Strictly speaking, *alibi evidence* is merely rebuttal evidence directed to that part of the state's evidence which tends to identify the defendant as the person who committed the alleged crime." *Witt v. State,* 205 Ind. 499, 503, 185 N.E. 645, 647 (1933) (emphasis added). Though Rule 12.1 of the Hawaii Rules of Penal Procedure requires the defendant to give notice of an intention to rely upon the defense of alibi,[4] it is not an affirmative defense. *See* Hawaii Revised Statutes (HRS) § 701-115.[5] And an "alibi, if successful, is

---

[4]Like the Court of Appeals of Arizona, we believe "the purpose of this rule is to guard against the wrongful use of alibi evidence and to give the prosecution time and information to investigate the sources of this evidence." State v. Hess, 9 Ariz. App. 29, 33, 449 P.2d 46, 50 (1969).

[5]HRS § 701-115 in relevant part reads:
    (1) A defense is a fact or set of facts which negatives penal liability.

.   .   .   .

    (3) A defense is an affirmative defense if:
        (a) It is specifically so designated by the [Penal] Code or another statute; or
        (b) If the Code or another statute plainly requires the defendant to prove the

proven under the aegis of a general denial." *State v. Hess,* 9 Ariz. App. at 33, 449 P.2d at 50.

The three "special" instructions sought by Cordeira would have treated his alibi as something apart from a direct denial of the charges. If given, the jury would have been apprised that "a reasonable doubt whether the Defendant was present at the time of the crime" entitled him to an acquittal, "his absence from the scene of the crime, if proved, is a complete defense," and a "[f]ailure to establish an alibi is not evidence of guilt since it is the burden of the State to prove the guilt of the Defendant." *See supra* note 1. We do not doubt that these instructions reflect prevailing legal precepts. Yet we share the trial court's misgivings on the wisdom of instructing the jury as requested. Like the Supreme Court of New Jersey, we think " the very discussion of alibi as something apart from a direct denial of the truth of the State's case tends to obscure its role and to suggest a defendant has some special responsibility with respect to it." *State v. Garvin,* 44 N.J. 268, 273, 208 A.2d 402, 404 (1965).

Alibi evidence, as we noted, is rebuttal evidence. *Witt v. State,* 206 Ind. at 503, 185 N.E. at 647. Its function "is not to establish a defense nor to prove anything, but merely to raise a reasonable doubt of the presence of the accused at the scene of the crime." *State v. Skinner,* 210 Kan. 354, 360, 503 P.2d 168, 173 (1972). The instructions tendered by the defendant, however, spoke of "his absence from the scene of the crime, if proved" and of a "failure to establish an alibi." *See supra* note 1. This might have suggested to some jurors, at least, that the defendant had a "special responsibility with respect to [the alibi]." *State v. Garvin,* 44 N.J. at 273, 208 A.2d at 404.[6] We cannot fault the trial court for rejecting instructions that could have had a burden-shifting effect.

---

defense by a preponderance of the evidence.
Neither the Code nor another statute designates the alibi defense as an affirmative defense or requires proof thereof by a preponderance of the evidence.

[6]Other courts have also reached the same conclusion. *See, e.g.,* State v. Peters, 232 Kan. 519, 520, 656 P.2d 768, 770 (1983) (citing comments by the Committee on Pattern Jury Instructions: "[i]f an [alibi] instruction is given, attention is called to the defendant's alibi, which connotes a burden not found in law"); State v. Adams, 81 Wash. 2d 468, 478-79, 503 P.2d 111, 117 (1972) (alibi instruction, even though requested, should not be given in the future, unless ordained by legislature, since general charges as to burden of proof and presumption of innocence suffice); People v. Poe, 48 Ill. 2d 506, 511, 272 N.E.2d 28, 32, *cert. denied,* 404 U.S. 942 (1971) ("instructions should avoid commenting on particular types of evidence," including alibi evidence).

### B.

"It is a well-settled principle in this jurisdiction that the 'refusal or giving of requested instructions must be interpreted, or considered, in connection with the entirety of the court's charge to the jury.' *State v. Travis,* 45 Haw. 435, 437, 368 P.2d 883, 885 (1962) (quoting *Territory v. Aquino,* 43 Haw. 347, 380 (1959) )." *State v. Motta,* 66 Haw. 254, 258, 659 P.2d 745, 749 (1983). Here, the jury was instructed at the outset that:

> The burden is on the State to prove a defendant guilty beyond a reasonable doubt of every material element of a crime charged. A defendant is presumed to be innocent and it is your duty to acquit a defendant unless the evidence convinces you of a defendant's guilt beyond a reasonable doubt.

> A jury must not convict a person charged with crime upon mere suspicion or upon evidence which only shows a probability of guilt. What the law requires before a defendant can be convicted of a crime is not suspicion, not probabilities, but proof of defendant's guilt beyond a reasonable doubt.

When the court apprised the jury of the elements of the crimes charged, it reiterated the State's burden of proof and expressly instructed the jury that this "include[d] the burden of proving beyond a reasonable doubt the identity of the defendant as the person responsible for a crime charged." *See supra* note 2. Viewing this instruction in perspective we can only conclude the jury was properly guided.

The evidence offered by the defendant was "directed to that part of the [S]tate's evidence which tend[ed] to identify him as the person who committed the alleged crime[s]." *Witt v. State,* 205 Ind. at 503, 185 N.E. at 647. It was meant to raise a doubt on the identity of the culprit. That the court's instructions dealt adequately with this aspect of the case needs no belaboring, for the jury was directed in straightforward terms to acquit the defendant if the State did not prove beyond a reasonable doubt the identity of the perpetrator of the crimes described in the indictment.

Affirmed.

*Susan Barr (Charles E.N. Dickson* with her on the brief), Deputy Public Defenders, for appellant.

*Peter M. Wilkens,* Deputy Prosecuting Attorney, for appellee.