# STATE, Respondent v. RODDEN, Appellant

## (201 N. W. 2d 232)

(File No. 10990.  Opinion filed October 6, 1972)

**Thomas R. Vickerman,** Asst. Atty. Gen., Pierre, for plaintiff and respondent; **Gordon Mydland,** Atty. Gen., Pierre, on the brief.

**A. P. Fuller,** Lead, for defendant and appellant.

BIEGELMEIER, Judge.

Defendant was convicted of attempted burglary.  On appeal he asserts the trial court erred by proceeding under SDCL 16-13-43 in procuring additional jurors after the panel had been exhausted, claiming it denied defendant due process of law and equal protection of the law.  SDCL 16-13 provides for the compilation of a jury list from which jurors are selected for service in the

various courts. It is from this list that jurors are drawn and summoned to appear in a number designated by judges of courts involved. This group is referred to as the regular panel.

It appears this panel of the petit jurors was exhausted by challenges of the attorney; the court ordered the sheriff[1] to summon a sufficient number of persons having the qualifications of jurors to complete the number requisite for the trial of the action as authorized by SDCL 16-13-43.[2] That section, which had its origin as § 12, Ch. 19, S.L. 1867-8 reads:

"Whenever the panel of petit jurors shall be exhausted by the challenges of either party in any action, the judge of the court shall order the sheriff, deputy sheriff, or coroner to summon, without delay, a sufficient number of persons possessing the qualifications of jurors to complete the number requisite for a jury in that particular case."

As stated, it is this section defendant challenges as unconstitutional, though counsel candidly admits court opinions sustain similar statutes, among which are Losieau v. State, 157 Neb. 115, 58 N.W.2d 824; Tarrence v. Commonwealth, Ky., 265 S.W.2d 40; Negra v. L. Lion & Sons, Co., 102 Cal.App.2d 453, 227 P.2d 916, and People v. Siciliano, 4 Ill.2d 581, 123 N.E.2d 725.

In People v. Kelhoffer, 181 Misc. 731, 48 N.Y.S.2d 771, aff. 292 N.Y. 622, 55 N.E.2d 503, there was a shortage in the jury panel; the trial judge under a similar statute directed a marshal to summon additional jurors for service and one of them served on the jury which convicted defendant. The court wrote:

"there not being present sufficient jurors * * * the presiding Judge had the right, under Code of Criminal Procedure, Section 708, to summon bystanders, or others, * * * to act as jurors. * * * What the Constitu-

---

1. It does not appear the sheriff had any interest in the prosecution; city police only were involved as arresting officers and witnesses.

2. The clerk's record indicates nine of the jurors who sat in the action were from the regular panel, three from those summoned by the sheriff. No claim is made that any juror who sat in the action was not a competent, impartial juror.

tion secures to a defendant is the right of trial by an impartial jury as constituted at Common Law, and, when the right is secured, the defendant's constitutional protection is completely secured. The mode of procuring and of impanelling a jury is regulated by such laws as the Legislature may see fit to enact with respect to method of procedure  *  *  *."

See also State v. Nagele, 80 S.D. 625, 129 N.W.2d 537; 47 Am. Jur.2d, Jury, § 160, and 50 C.J.S. Juries § 184 et seq.

■ It is claimed the evidence is insufficient to sustain the jury verdict. About 2:30 a. m. a policeman's spotlight disclosed an iron bar sticking between the back door and the doorjamb of a shop; defendant, who was hiding behind some junk next to the door, jumped out and attempted to flee; other tools suitable for obtaining entry were found on the ground at the base of the door and on defendant's person. The court has considered and announced guidelines of the effect and weight to be given circumstantial evidence in State v. Scott and Eckerd, 84 S.D. 511, 173 N.W.2d 287. The evidence, even if it all be classed as circumstantial, was sufficient to support the conviction. Another asserted error is not supported by the record.

Affirmed.

All the Judges concur.