No. 46,767

STATE OF KANSAS, *Appellee,* v. LA VERTA A. MURRAY, *Appellant.*

(504 P. 2d 247)

Opinion filed December 9, 1972.

*Charles S. Scott,* of Scott, Scott, Scott and Jackson, of Topeka, argued the cause, and was on the brief for the appellant.

*John Mike Elwell,* County Attorney, argued the cause, and *Vern Miller,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action where the appellant La Verta A. Murray was tried by a jury and convicted of aggravated assault under K. S. A. 1969 Supp. 21-3410 and criminal damage to property of less than $50 under K. S. A. 1969 Supp. 21-3720. The appellant on this appeal raises only one point as a basis of claimed error. Appellant complains of the instruction given by the court on the subject of alibi. Instruction No. 10 covering this subject was as follows:

"You are further instructed that one of the defenses made by the defendant in this case is what is known in law as an alibi. That is, that defendant was in another place at the time of the commission of the crime.

"This is a proper defense and the defendant is not required to prove an alibi beyond a reasonable doubt, or even by a preponderance of the evidence. It is sufficient to justify an acquittal if the evidence upon that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged, and the attempt of the defendant to prove an alibi does not shift the burden of proof from the prosecution, but the prosecution is bound to prove his presence, beyond a reasonable doubt. An alibi is easy to prove and hard to disprove, and testimony offered to prove this defense should be subjected, like all other evidence in the case, to rigid scrutiny for the reason that witnesses, even when truthful, may be honestly mistaken of, or forgetful of times and places."

Specifically it is the contention of the appellant that the last sentence contained in instruction No. 10 to the effect that an alibi

is easy to prove and hard to disprove and should be rigidly scrutinized denied the appellant due process of law and equal protection of the law as provided by the United States Constitution and the Bill of Rights of the State of Kansas. Appellant argues that the language of the instruction in effect placed the burden of proof on the defendant to prove his defense of alibi and that the trial court improperly singled out a certain portion of the evidence and commented on it.

In *State v. Skinner*, 210 Kan. 354, 503 P. 2d 168, we held that a separate instruction on the defense of alibi is not required where adequate and proper instructions are given on the elements of the crime charged and on the prosecution's burden to prove guilt beyond a reasonable doubt. In *Skinner* we approved the recommendation made in PIK Criminal 52.19 prepared by the Committee on Pattern Jury Instructions of the Kansas District Judges Association and published in 1971 under the sponsorship of the Kansas Judicial Council. Under PIK 52.19 the committee recommended that there be no separate instruction on alibi. The problem presented in the case at bar arises from the fact that an alibi instruction was given and the issue to be determined is whether or not the giving of the instruction constituted judicial error.

In *State v. Woolworth*, 148 Kan. 180, 81 P. 2d 43, an instruction identical with instruction No. 10 was approved by this court. We do not find that instruction No. 10 was prejudicial error in this case. In *Sullivan v. Scafati*, 428 F. 2d 1023 (1970), cert. den. 400 U. S. 1001, 27 L. Ed. 2d 452, 91 S. Ct. 478, the appellant contended that an instruction similar to the one given here prejudiced his right to due process of law and equal protection of the law. The United States Court of Appeals of the First Circuit refused to reverse stating as follows:

"In the present case the 'rigid scrutiny' language was supplemented by a reference to the frequency with which alibi evidence was attended by 'contrivance, subornation and perjury.' These words, while gilding the lily, merely make explicit the reason underlying the court's instruction to scrutinize an alibi carefully. While we would prefer not to have such words used, we see no real possibility that this language in this context actually misled the jury as to its duty or the state's heavy burden of proof. *Cf.* Bihn v. United States, 328 U. S. 633, 636-637, 66 S. Ct. 1172, 90 L. Ed. 1485 (1946)." (p. 1025.)

In reviewing in its entirety instruction No. 10 we find that it was not manifestly erroneous. Instruction No. 10 informed the jury about the defense of alibi and clearly placed the burden of proving

the appellant's presence at the scene of the crime upon the prosecution. The instruction emphasized that the prosecution must prove the guilt of the defendant beyond a reasonable doubt. The last sentence states that testimony to prove alibi "should be subjected, *like all other evidence in the case,* to rigid scrutiny."

We also note that the record does not disclose that any objection was made to instruction No. 10 by appellant at the trial nor is it included as a ground of error in appellant's motion for a new trial. We would prefer that no alibi instruction be given at all. *State v. Skinner,* supra.) We do not believe that the language contained in instruction No. 10 actually misled the jury as to its duty or the state's heavy burden of proof. We find no prejudicial error justifying a reversal.

Judgment affirmed.