State of Kansas, *Appellee,* v. Glenn Gene Rasler, *Appellant.*

(533 P. 2d 1262)

Opinion filed April 5, 1975.

*Curtis Irby,* of Wichita, argued the cause, and *Warner Moore,* of Wichita, was with him on the brief for the appellant.

*Clifford L. Bertholf,* Assistant District Attorney, argued the cause, and *Curt T. Schneider,* Attorney General, *Keith Sanborn,* District Attorney, and *Stephen M. Joseph,* Assistant District Attorney, were on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: Defendant, Glenn Gene Rasler, appeals from convictions by a jury of aggravated assault (K. S. A. 21-3410) and unlawful possession of a firearm (K. S. A. 21-4204). Defendant was acquitted on a count of aggravated battery.

On March 18, 1973, about 1:30 a. m., Rodney Trowbridge and his family were driving south on I-235 By-pass in Wichita when their automobile was side-swiped by a blue-green Pontiac. Mr. Trowbridge chased the automobile for some distance hoping to get its license number. The Pontiac exited I-235 at the Central Street exit and, after running two stop signs, finally came to a stop. Trowbridge stopped immediately to the rear. The driver of the Pontiac got out and walked toward the Trowbridge automobile which was stopped a short distance behind the Pontiac. Defendant was later identified as the driver of the Pontiac. As defendant neared the Trowbridge automobile he removed a handkerchief

which had been covering his left hand and revealed a pistol which he pointed at Trowbridge. Trowbridge, who was a gun collector, described the pistol as being a small caliber, over and under derringer with about a two and one-half inch barrel. Seeing the weapon in defendant's hand Trowbridge immediately accelerated his automobile and drove to a nearby gas station where he called the police. As Trowbridge sped away defendant fired two shots, both of which struck the Trowbridge automobile. Both Mr. and Mrs. Trowbridge mentally noted the license number of defendant's automobile and, after stopping at the gas station, Mrs. Trowbridge wrote the number on a page of her checkbook.

About an hour after he had accosted the Trowbridges, defendant was involved in another affray at Frankie's lounge in Wichita. There was evidence that at the lounge defendant, for no apparent reason, shot one Jonnie E. Clark in the leg. About an hour after the shooting at Frankie's lounge, Officer William C. Naholnik of the Wichita Police Department observed defendant in a 1964 Pontiac bearing the same license number as that reported to the police by Trowbridge. Officer Naholnik arrested defendant. At the time of the arrest defendant did not have a gun in his possession. Naholnik observed that the right front portion of defendant's automobile had suffered some scraping damage.

At trial the defense was alibi and defendant produced several friends and relatives who testified in his behalf.

On appeal defendant first contends that the trial court erred in not sustaining his motions for judgment of acquittal which were made at the close of the state's evidence and at the close of all the evidence. Defendant argues these motions should have been sustained because the state's evidence was insufficient to allow the case to go to the jury. In the light of the evidence in this case defendant's contention is without merit.

Judgment of acquittal on the court's own motion or on the motion of defendant is provided for by K. S. A. 22-3419. This statute was examined and the tests to be applied by the trial court in passing upon a motion for judgment of acquittal are set out in *State v. Gustin*, 212 Kan. 475, 510 P. 2d 1290, wherein we held:

"A trial judge in passing upon a motion for judgment of acquittal must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes guilt beyond a reasonable doubt is a fairly possible

result, he may deny the motion and let the jury decide the matter. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion." (Syl. ¶ 3.)

It is not necessary to recite in detail what was shown by the state's evidence, inasmuch as a partial statement thereof adequately illustrates the correctness of the trial court's action. The evidence establishes that the description given by the Trowbridges of the automobile which side-swiped them fits defendant's automobile and the license number, as reported to the police and noted in writing by Mrs. Trowbridge, was that of defendant's automobile. The defendant was identified as the driver of the Pontiac which struck the Trowbridge vehicle. Paint was found on the Trowbridge automobile which matched the paint on defendant's automobile. At the trial both of the Trowbridges identified defendant. There was also evidence that earlier in the evening defendant, while in a club known as the Pirate's Cave, possessed and displayed a small handgun similar to that described by Trowbridge. From this evidence the jury could justifiably infer that defendant did unlawfully possess a firearm and could reasonably conclude that defendant was, beyond a reasonable doubt, guilty of aggravated assault.

Defendant's next contention is that the trial court erred in not requiring the state to elect which charge (aggravated assault or aggravated battery) it was relying upon to prove the firearm possession charge. An election is required only when multiple related charges, based upon an identical basic element, are joined in one prosecution. (*City of Junction City v. Snow*, 193 Kan. 62, 392 P. 2d 115.) The purpose of requiring an election is to prevent injustice and hardship on the defendant in preparing a defense against a nonspecific charge. (*State v. Benson*, 207 Kan. 453, 485 P. 2d 1266.) The firearm charge challenged was both specific and self-sustaining. It properly charged the commission of a separate and distinct crime which neither depended upon nor duplicated any other charge. An election was not necessary. Even though the two incidents in which the defendant used the pistol were separate offenses they were, nevertheless, parts of another single separate transaction, *i.e.* the single continuing possession of a firearm.

Joined, in a somewhat circular fashion, with defendant's "election" argument is the assertion that the trial court erred in not severing

the firearm possession charge from the other two charges. K. S. A. 22-3202 (1) reads:

"(1) Two or more crimes may be charged against a defendant in the same complaint, information or indictment in a separate count for each crime if the crimes charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

All events relevant to the instant appeal occurred within a five hour time span and involved the possession and use of a firearm by defendant. In *State v. Thomas*, 206 Kan. 603, 481 P. 2d 964, we stated:

"It has long been the rule in this jurisdiction that where separate and distinct felonies are charged in separate counts of one and the same information and all of the offenses are of the same general character, requiring the same mode of trial, the same kind of evidence and the same kind of punishment, the defendant may be tried upon all of the several counts of the information at one and the same time. . . ." (p. 607.)

When examined within this criteria it is apparent that the charges here considered fall within the purview of the statute and were, therefore, properly consolidated. (See, also, *State v. Cameron & Bentley*, 216 Kan. 644, 533 P. 2d 1255; and *State v. Wheeler*, 215 Kan. 94, 523 P. 2d 722.)

Defendant next challenges the trial court's instruction delineating the elements of unlawful possession of a firearm. Defendant argues this instruction was defective because it did not state the exact hour of the day the alleged firearm violation occurred. Defendant also argues that this instruction should have admonished the jury to disregard the testimony of two witnesses, Sandy Jones and Myrel Wheeler, concerning defendant's possession of a firearm at times other than the 1:30 to 2:30 a. m. time span during which the other crimes were alleged to have been committed, because such testimony brought in evidence of other crimes irrelevant to the instant charge. The initial portion of defendant's argument is premised upon an unfounded assumption that specific time is an essential element in a firearm possession charge. The instruction given was PIK [Criminal] 64.06. It is in the language of the applicable statute, K. S. A. 21-4204 and fully sets out the elements of the felony offense of unlawful possession of a firearm. We find no error in this regard.

We have difficulty in fully understanding defendant's position with respect to his contention that the instruction in question

should have included an admonition to disregard the testimony of Jones and Wheeler pertaining to defendant's possession of a firearm at times other than 1:30 to 2:30 a. m. on March 18. The state maintains defendant did not object to the instruction on this ground and, thus, under K. S. A. 22-3414 (3) is barred from claiming error on appeal. Nevertheless, we have examined defendant's argument. It appears that defendant claims a limiting instruction should have been included since the testimony of Jones and Wheeler disclosed another offense. The testimony in question was relevant on the possession charge and, thus, was admissible independently of K. S. A. 60-455. (*State v. Ralls*, 213 Kan. 249, 515 P. 2d 1205.) In *State v. Martin*, 208 Kan. 950, 495 P. 2d 89, we held:

"Where evidence has a direct bearing on and relation to the commission of an offense itself, it is admissible without a limiting instruction.

"Evidence which is otherwise relevant in a criminal action is not rendered inadmissible because it may disclose another or independent offense." (Syl. ¶¶ 2 and 3.)

Relying upon PIK[Criminal] recommendation 52.19 that no separate instruction on alibi be given, defendant claims error in the trial court's submission of an alibi instruction and then further complains that the instruction given included a "rigid scrutiny" provision such as that appearing in an alibi instruction discussed in *State v. Murray*, 210 Kan. 748, 504 P. 2d 247. As was the case in *Murray*, defendant failed to object to the instruction at trial and since the giving of the instruction was not clearly erroneous the question is not to be considered on appeal. (K. S. A. 22-3414 [3]; *State v. Murray*, supra.; and *State v. Scott*, 210 Kan. 426, 502 P. 2d 753.) As previously indicated, in *State v. Skinner*, 210 Kan. 354, 503 P. 2d 168, and *State v. Murray*, supra, we approve of the PIK Committee's recommendation that there be no separate instruction on alibi.

In his next point defendant, who had previously been convicted of unlawfully possessing a firearm, contends the trial court erred in instructing the jury it could consider defendant's prior conviction for the purposes of showing motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Defendant objected to this instruction claiming no foundation had been laid for it, and that the previous conviction lacked similarity and, thus, relevancy to the crimes charged. At trial defendant did not object to the general form or scope of the instruction. As

previously mentioned, defendant's defense was alibi. The very nature of an alibi defense puts the defendant's identity squarely in issue. Inasmuch as the basic element of identity was an integral issue in this case, defendant's arguments concerning lack of foundation and relevancy must fail.

Although we have disapproved the giving of a "shotgun" type of 60-455 instruction (*State v. Cross*, 216 Kan. 511, 532 P. 2d 1357; and *State v. Bly*, 215 Kan. 168, 523 P. 2d 397), the facts of this case do not indicate that defendant was prejudiced thereby. Inasmuch as defendant did not object to the scope of the instruction given, the propriety of the instruction on that ground is not before us. We do, however, reiterate our caveat to the district courts that instructions concerning the purpose of evidence of similar offenses should only include those elements of 60-455 which appear to be applicable under the facts and circumstances.

In his last point defendant argues the court erred in admitting into evidence the page from Mrs. Trowbridge's checkbook on which she had written the license number of defendant's automobile. We find no merit in defendant's unsubstantiated contentions that a proper chain of custody had not been established for this evidence or that it was self-serving.

We have carefully examined all of the contentions raised on appeal and find that no reversible error is shown.

The judgment is affirmed.

FROMME, J., not participating.