No. 50,357

STATE OF KANSAS, *Appellee*, v. GLEN SAMUEL MCCAMBRY, *Appellant.*

(594 P.2d 222)

Opinion filed May 5, 1979.

*Steven D. Alexander,* of Kansas City, argued the cause and was on the brief for the appellant.

*Philip L. Sieve,* deputy district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Glen Samuel McCambry was convicted by a jury of aggravated robbery (K.S.A. 21-3427) at the Macy's Department Store in Kansas City, Kansas. The crime was aggravated because McCambry was charged and the jury found he was armed with a dangerous weapon. On appeal he claims error based on the alleged failure of the State to prove he was armed with a dangerous weapon.

The clerk testified, "Well, the man approached and asked me if I could help him, and I went over to him and he said that he had a gun and for me to put the money in a sack." (She never actually saw the gun.) Another employee stood by and saw the robbery take place. She saw McCambry leaning over the counter. This witness testified as follows:

"Q. And what did you see?
"A. A gun.
"Q. Where did you see a gun?
"A. Laying on the floor.
"Q. Can you describe the gun?

"A. It was a sawed-off shotgun in two pieces.
"Q. It was in two pieces?
"A. It was in two pieces on the floor.
"Q. How close to the man that you saw there, how close to his feet was the gun?
"A. Well, the gun was right under his feet. . . ."

The witness further testified that after the man had obtained the money in the sack he grabbed the sack, picked up his gun, and ran past the witness. The shotgun was identified at the trial by means of a piece of the gun which had been observed as missing. An officer who was a gun expert testified the shotgun was in working condition when it was found in a car with the defendant a short time later.

The defendant argues that since the gun was in two pieces at the scene of the crime it was not a dangerous weapon as is required to prove aggravated robbery. We do not agree. The evidence was sufficient to go to the jury on this question. The jury was instructed on both robbery and aggravated robbery. The aggravated nature of the crime was a question of fact which the jury decided. See *State v. Mitchell,* 220 Kan. 700, Syl. ¶ 5, 556 P.2d 874 (1976); and *State v. Robertson,* 225 Kan. 572, Syl. ¶ 1, 592 P.2d 460 (1979).

Appellant raises a statutory speedy trial question. K.S.A. 1978 Supp. 22-3402 requires that persons held in jail be brought to trial within 90 days from the date of arraignment unless the delay shall happen as a result of the application or fault of the defendant. A trial date was set six different times between arraignment on January 19, 1978, and the trial on July 17, 1978. Five different times the trial date had to be postponed because of applications and motions by the appellant. Less than 90 days were actually chargeable to the state. The point is without merit.

The defendant filed a motion to discharge the entire jury panel. The motion was filed during trial and was based on the fact that there was a shortage of veniremen on the day of the trial because of an unexpected drain caused by two prior criminal trials. For just such occasions the jury clerk maintained a list of persons previously drawn in the usual time and manner but who had expressed willingness to serve as jurors on short notice. Sixteen veniremen were called in from that list when the array had been exhausted. The jury selection was completed without objection and the trial was well under way when the challenge to the array was entered.

Under the above circumstances any objection to the manner in which the jury panel was selected or drawn "must be made prior to the time when the jury is sworn to try the case." K.S.A. 22-3407. This was not done and the matter might well end there. However, K.S.A. 1978 Supp. 43-167 provides:

"In all cases where an insufficient number of jurors appear or if a panel be exhausted by challenge or otherwise before the jury is sworn, the court may order the sheriff, other officer or the special jury clerk, as provided by subsection (b) of K.S.A. 1975 Supp. 43-169, to summon a sufficient number of other persons to complete the jury. The court may order such additional members summoned in the same manner as is provided for members of the original jury panel or otherwise."

The appellant questions the power of the trial court to summon additional jurors. He asserts the procedure denies him Sixth and Fourteenth Amendment rights to a jury selected from a cross section of the community.

The power of the trial court to summon additional jurors when such is deemed necessary is deeply rooted in the common law. The early practice when a jury panel was exhausted and additional jurors were needed was for the sheriff to summon additional qualified persons from bystanders. These were known as "talesmen." See 47 Am. Jur. 2d, Jury § 160; 50 C.J.S., Juries § 184, *et seq.* The more prevalent practice today is to maintain special lists of talesmen to fill emergency shortages as was done here. See 47 Am. Jur. 2d, Jury § 161.

It does not appear that constitutional challenges to the use of talesmen or special panels have reached the courts very often. The South Dakota Supreme Court upholds such a procedure against constitutional attack in *State v. Rodden,* 86 S.D. 725, 201 N.W.2d 232 (1972). Appellant has cited no case which finds such procedures constitutionally impermissible. Some procedure is necessary to provide for extra talesmen when such are needed. The procedure followed in the present case accomplished this end in a nondiscriminatory fashion and we hold it to be valid.

The procedure outlined in K.S.A. 1978 Supp. 43-167 for completing a panel of jurors exhausted by challenge or otherwise is a fair and reasonable method of selection. It is based upon necessity, and is constitutionally permissible when fairly and impartially carried out. The point is without merit.

The appellant alleges the court erred in not declaring a mistrial when an Officer Boatwright made two short conclusory state-

ments while on the witness stand. The officer in explaining his actions prior to arresting appellant testified he had watched appellant through binoculars while he was inside a store. Boatwright stated it looked like "they might be holding up the store." An immediate objection was sustained and the jury was admonished to disregard the officer's statement, for it was improper. A second instance followed with a similar admonition. The officer was warned outside the hearing of the jury to forego further reference to the incident. He did so.

Appellant concedes that the general rule is that an admonition to the jury normally cures the prejudice from an improper admission of evidence. See *State v. Gander,* 220 Kan. 88, 91, 551 P.2d 797 (1976); *State v. Williams & Reynolds,* 217 Kan. 400, 405, 536 P.2d 1395 (1975). Appellant asserts, however, that this is one of the exceptional cases where an improper comment so prejudices a jury that an admonition is insufficient. An examination of the record does not support this contention.

The statutory authority for mistrials is found in K.S.A. 22-3423. Terminating a trial and declaring a mistrial is largely with the discretion of the trial court. A clear showing of abuse of discretion must be made before the decision of a trial court will be set aside on appeal. See *State v. McQueen & Hardyway,* 224 Kan. 420, 427, 582 P.2d 251 (1978); *State v. Henson,* 221 Kan. 635, 648, 562 P.2d 51 (1977). Appellant has not shown the trial court abused its discretion in not declaring a mistrial.

The final point concerns failure to suppress testimony as to the lineup in which appellant was identified from a five-man lineup. A picture of the five-man lineup was taken shortly after the identification was made. It is a part of the record before this court. The appellant contends the lineup was improperly suggestive because his moustache was heavier than some of the others. The contention is utterly without merit. The photo of the lineup conclusively rebuts the claim of unfairness and suggestiveness. The motion to suppress evidence of the lineup identification was properly overruled after applying the guidelines set forth in *State v. Hall,* 220 Kan. 712, 717, 556 P.2d 413 (1976); *State v. Bey,* 217 Kan. 251, 535 P.2d 881 (1975), and other similar decisions of this court.

Judgment affirmed.