No. 50,451

STATE OF KANSAS, *Appellee,* v. JOHN MCGHEE, *Appellant.*

(602 P.2d 1339)

Opinion filed December 1, 1979.

*Michael J. Peterson,* of Kansas City, was on the brief for the appellant.

*Robert T. Stephan,* attorney general, *Nick A. Tomasic,* district attorney, and *Dennis L. Harris,* assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a criminal action from a jury verdict which found John McGhee (defendant-appellant) guilty of two counts of aggravated robbery. (K.S.A. 21-3427.) The appellant asserts three errors on appeal.

On December 23, 1977, Bonnie Beebe and Martin Neeper were working in the 7-11 store at 3202 Parallel, Kansas City, Wyandotte County, Kansas. Shortly after 1:00 a.m. a Negro male wearing a trench coat entered the store and asked Bonnie for a large paper sack. The man pulled a long-barrel .22-caliber revolver from his right coat pocket and ordered Bonnie and Martin to empty the contents of the cash registers into the sack. After they emptied both cash registers and the petty cash box the robber ordered them to open the safe or he would shoot them. The victims told him they could not open the safe. As this occurred, a customer entered the store, and the robber left, taking the sack containing currency, coins, food coupons, and food stamps.

The 7-11 store was equipped with a silent alarm which notified the police. As Officer A. D. Block responded to the alarm he observed a car pass him from the opposite direction. Officer Block decided to follow the vehicle, and as he turned the patrol car he observed the suspect vehicle speed up and saw the dome light

come on. The suspect vehicle then made a turn, and he saw something thrown from the vehicle causing sparks as it hit the pavement. Officer Block stopped the vehicle, ordered the four occupants out, and requested identification.

The appellant's codefendant, John Kane, was the driver of the vehicle. The appellant had been seated in the front passenger seat. Percy Johnson and James Henry were the other two occupants of the vehicle. Officer Block had heard over his radio that the holdup suspect wore a coat; he observed the appellant was wearing a coat. Officer Block returned to the area where he had observed the object being thrown from the car and found a .22-caliber revolver.

The suspects were arrested and taken to the Kansas City, Kansas, police department where a lineup was conducted later that day. Both robbery victims individually viewed the lineup and filled out lineup forms. Bonnie Beebe later testified that she identified the appellant on the lineup form because he looked familiar and could have been the robber; she was "fairly positive but not absolutely positive." Martin Neeper marked the lineup form identifying the appellant as the robber. At trial, Martin testified the appellant looked like the robber.

The coat taken from the appellant when he was arrested was identified by both victims as the robber's coat. Both victims identified the .22-caliber long-barrel revolver recovered by Officer Block as the gun used in the robbery.

At the time of the arrests the police also confiscated contraband from a burglary or theft in Missouri. The loot from the robbery—currency, coins, food coupons, and food stamps—was never found.

The appellant asserted an alibi defense and called five witnesses who testified that the appellant was playing cards with them at the time of the robbery. The robbery occurred at 1:18 a.m. The appellant's home was a few blocks from the 7-11 store. The appellant and his companions testified they left the card game at approximately 1:30 a.m. and were soon arrested by Officer Block.

The jury found the appellant guilty of two counts of aggravated robbery. The appellant asserts three errors on appeal: (1) that the trial court erred in not sustaining his motion for a directed verdict or judgment of acquittal, because the verdict was not supported by the evidence; (2) that the trial court erred in overruling the

appellant's motion for a mistrial, made after improper testimony by a police officer; and (3) that the trial court erroneously admitted certain evidence.

The appellant first contends the trial court erred in not granting a directed verdict or a judgment of acquittal (K.S.A. 22-3419), claiming the evidence was insufficient to support the verdict.

The appellant focuses on the identification testimony of Bonnie Beebe and Martin Neeper. He states that both victims testified only that the appellant resembled or looked like the robber; that the appellant lived by the 7-11 store and shopped there before and after the robbery; and that the appellant had ample alibi testimony. He argues that the victims' inability to "positively" identify the appellant as the robber, when coupled with this other evidence, renders the evidence insufficient to convict beyond a reasonable doubt.

A motion for directed verdict and a motion for judgment of acquittal go to the sufficiency of the evidence to support a conviction. See *State v. Ames,* 222 Kan. 88, 95, 563 P.2d 1034 (1977); *State v. Gustin,* 212 Kan. 475, 478, 510 P.2d 1290 (1973).

Our long-standing rule for appellate review has been:

"In a criminal case, the issue on appeal is not whether the evidence established guilt beyond a reasonable doubt, but whether the evidence is sufficient to form the basis for a reasonable inference of guilt when viewed in the light most favorable to the State." *State v. Words,* 226 Kan. 59, 62, 596 P.2d 129 (1979).

See *State v. Moody,* 223 Kan. 699, 704, 576 P.2d 637, *cert. denied* 439 U.S. 894 (1978); *State v. Dodson,* 222 Kan. 519, 524, 565 P.2d 291 (1977); *State v. Childers,* 222 Kan. 32, Syl. ¶ 1, 563 P.2d 999 (1977); *State v. Duncan,* 221 Kan. 714, 719, 562 P.2d 84 (1977); *State v. Warren,* 221 Kan. 10, 12, 557 P.2d 1248 (1976); *State v. Sovems,* 215 Kan. 775, 529 P.2d 181 (1974); *State v. Ritson,* 215 Kan. 742, Syl. ¶ 1, 529 P.2d 90 (1974).

In *State v. Voiles,* 226 Kan. 469, 601 P.2d 1121 (1979), we adopted an appellate review standard which conforms to *Jackson v. Virginia,* 443 U.S. 307, 61 L.Ed.2d 560, 99 S.Ct. 2781 (1979). In a criminal action where the defendant contends the evidence at trial was insufficient to sustain a conviction, the standard of review on appeal is: Does the evidence when viewed in the light most favorable to the prosecution convince the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt? *State v. Voiles,* 226

Kan. 469, Syl. ¶ 6. The change is one of form, not substance. Application of either standard in a criminal appeal will produce identical results. See *State v. Mitchell,* 3 Kan. App. 2d 635, 599 P.2d 1025 (1979).

Viewing the evidence in this case under the *Jackson* standard, we find that the jury could readily have found the appellant guilty beyond a reasonable doubt. The lack of positive identification and the circumstances placing the appellant in the store as a nearby resident and occasional customer are factors which go to the weight of the evidence. There was substantial additional evidence to support the conviction. Both victims identified the appellant's coat and the long-barrelled .22-caliber revolver as belonging to the robber. Officer Block apprehended the appellant within minutes of the holdup. Officer Block had seen the revolver thrown from the vehicle in which the appellant was riding, and the appellant was wearing the coat later identified by the victims.

The appellant's second claim of error is that the trial court should have granted a mistrial because of improper remarks by Kansas City Police Officer Richard Sullivan. Officer Sullivan was called to testify to his assistance in the robbery investigation. When asked the names of the suspects, he stated, "I believe one was McGhee, one was Kane, one was Henry. I know Henry on a prosecution case in Missouri." The appellant objected, asked that the response be stricken, and moved for a mistrial. The trial court overruled the motion, but admonished the witness and instructed the jury to disregard the officer's statement. A few minutes later Officer Sullivan was asked if he had any contact with the suspects other than the arrest and search. He responded affirmatively, and when asked where the contact occurred, he replied, "That was at the Platte County Courthouse." The appellant's counsel again objected and moved for a mistrial, arguing the statement inferred the appellant was disposed to commit crimes. After discussion with counsel, the trial court admonished the jury by stating:

"THE COURT: Ladies and Gentlemen of the Jury, there has been some mention about an individual by the name of Henry being arrested on the same night as the two defendants charged herein were arrested. You are admonished Mr. Henry is not on trial in this case and any evidence that is applicable to him only would not be applicable to these two defendants and could not be considered by you in determining the guilt or innocence of these two defendants. You are also admonished anything that might have happened in Missouri, in a Missouri courthouse is not applicable to this case and has nothing to do with the guilt or

innocence of these two defendants concerning this case. You are to totally disregard any such statements or other answers by this witness."

The State did not offer the inadvertent testimony as evidence of prior crimes as limited in K.S.A. 60-455. The statements were unsolicited and unresponsive answers to proper questions, which surprised both the State and defense counsel.

The general rule is that an admonition to the jury normally cures the prejudice from an improper admission of evidence. See *State v. McCambry,* 225 Kan. 803, 806, 594 P.2d 222 (1979); *State v. Mims,* 222 Kan. 335, 336-37, 564 P.2d 531 (1977); *State v. Mitchell,* 220 Kan. 700, 703, 556 P.2d 874 (1976). The appellant claims the improper comments were so prejudicial that an admonition was insufficient, and a mistrial should have been declared. Terminating a trial and declaring a mistrial is largely within the discretion of the trial court. A clear showing of abuse of discretion must be made before the decision of a trial court will be set aside on appeal. *State v. McCambry,* 225 Kan. at 806. See *State v. Goodwin,* 223 Kan. 257, 260, 573 P.2d 999 (1977); *State v. Wilson & Wentworth,* 221 Kan. 359, 364, 559 P.2d 374 (1977).

The appellant has not shown the trial court abused its discretion in not declaring a mistrial. The trial court clearly and firmly admonished the jury to disregard any evidence or statements about James Henry or prior crimes in Missouri. The trial court also included instructions to the same effect. Any slight prejudice which occurred from the improper remarks was cured by the trial court's action.

Finally, the appellant alleges the trial court erred in admitting the coat and the .22-caliber revolver into evidence, because a clear chain of custody was not established.

The appellant has failed to identify any time period when the chain of custody of the coat and gun was broken. Both items were placed in the police property locker soon after seizure. The gun was checked out for a little over two hours by Officer Deason for the purpose of identification. Both the gun and coat were in police custody from the time of seizure until they were admitted into evidence at trial.

A similar challenge to chain of custody was raised in *State v. Hernandez,* 222 Kan. 175, 176, 563 P.2d 474 (1977). In that opinion we stated:

"The rule with respect to chain of custody and guidelines for the application

thereof were set forth in *State v. Tillman,* 208 Kan. 954, 958-59, 494 P.2d 1178, 1182 [1972]:

" '. . . The rule is that a party who offers an object into evidence must show that it is reasonably certain that there have been no material alterations of the object since it was first taken into custody. It is not necessary, however, that the object offered into evidence should have been kept continuously under lock-and-key or continuously sealed up. The preliminary proof of the identity of the object and that the same has not been improperly tampered with, is first to be determined by the trial court. It is not necessary that all possibility of its being tampered with should be excluded. (*State v. Cook,* 17 Kan. 392 [1877]; *State v. Frideaux,* 207 Kan. 790, 487 P.2d 541 [1971].)' See *State v. Beard,* [220 Kan. 580, 552 P.2d 900 (1976)]; *State v. Baker,* 219 Kan. 854, 549 P.2d 911 [1976]; *State v. Steward,* 219 Kan. 256, 547 P.2d 773 [1976]. The *Tillman* test for chain of custody has been characterized as 'reasonable certainty that no material alterations of the objects occurred.' *State v. Baker,* [219 Kan. 854, 549 P.2d 911 (1976)]; *State v. Reed,* 214 Kan. 562, 520 P.2d 1314 [1974]."

See also *State v. Nicholson,* 225 Kan. 418, 421, 590 P.2d 1069 (1979); *State v. Treadwell,* 223 Kan. 577, 579, 575 P.2d 550 (1978). Any deficiency in the chain of custody should go to the weight rather than to the admissibility of the evidence. *State v. Crawford,* 223 Kan. 127, 128, 573 P.2d 982 (1977), *cert. denied* 435 U.S. 930 (1978); *State v. Watkins,* 219 Kan. 81, 89, 547 P.2d 810 (1976); *State v. Carney,* 216 Kan. 704, 708, 533 P.2d 1268 (1975). The trial court did not err in admitting the coat and revolver into evidence.

The judgment of the lower court is affirmed.

FROMME, J., not participating.