No. 80-51850-S

STATE OF KANSAS, *Appellee,* v. GREGORY L. DAILEY, *Appellant.*

(618 P.2d 833)

Opinion filed November 1, 1980.

*Fred A. Johnson,* of O'Hara, Busch, Johnson & Falk, of Wichita, argued the cause and was on the brief for the appellant.

*Beverly Dempsey,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Vern Miller,* district attorney, were with her on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a criminal action from a jury verdict finding Gregory L. Dailey (defendant-appellant) guilty of aggravated robbery (K.S.A. 21-3427).

The appellant raises four issues on appeal. He contends the trial court erred in admitting rebuttal testimony of Detective Richard L. Vinroe, refusing to give a requested instruction on his alibi defense, and denying probation pursuant to K.S.A. 1978 Supp. 21-4618. The appellant further contends inconsistent and contradictory testimony rendered the evidence insufficient to support the verdict.

An aggravated robbery occurred sometime between 8:15 and 9:15 p.m. on April 3, 1979, at the Godfather's Pizza, on East 13th in Wichita, Kansas. Mark A. Fenner, the manager of the pizza restaurant the night of the robbery, testified that two black males committed the robbery. At trial, Fenner identified the appellant as the shorter of the two black males. Fenner testified the appellant displayed a large-caliber chrome revolver and ordered him to put the money on the counter and lie down. Fenner complied with the robber's demands. From his position on the floor Fenner could no longer see the robbers, but heard the appellant speak to a restaurant customer.

Rick Obert and Barbara Clowe were present, eating pizza together the evening of the robbery. Obert testified that he walked

to the counter to obtain a take-home container for the uneaten portion of their pizza. Obert saw two black men at the counter. He observed the smaller of the two men display a gun and demand money from the man behind the counter, Fenner. Obert testified the gunman ordered Fenner to lie down and then picked up the money. The gunman noticed Obert standing nearby, put the gun against Obert's ribs and told Obert, "[Y]ou didn't see me." The two robbers then fled. At the trial Obert identified the appellant as the gunman, and the shorter robber.

Barbara Clowe testified that she observed two black men enter the restaurant, noticed that they remained at the counter for a few minutes, then left. She identified the appellant as the shorter of the two men.

Timothy Peadon, another Godfather's Pizza customer at the time of the robbery, testified at the trial. Peadon testified he observed two black males enter the restaurant, stand at the counter a short period of time, then leave. Peadon described both robbers as young men, one being shorter than the other. Peadon was unable to identify the appellant as one of the robbers.

Fenner, Clowe and Obert testified that in June 1979 they each selected a mug shot of the appellant from a group of photos they viewed with Detective Richard Vinroe. While visiting Vinroe at the Wichita Police Station, Fenner selected a mug shot of the appellant from a group of photos stacked on Vinroe's desk. Clowe and Obert identified the appellant as one of the robbers when they viewed a photographic lineup.

Detective Vinroe testified that on June 13, 1979, he met with the appellant at the Wichita Police Department. Vinroe advised the appellant of his *Miranda* rights, and the appellant waived those rights by reading and signing a waiver of rights form. Vinroe then interrogated the appellant about his whereabouts on April 3, 1979. Vinroe testified that the appellant first stated he was in Salina that day, then changed his response and stated he was at the home of a friend, Ricky Beard. At trial, the appellant admitted his responses to Vinroe were not the truth. The appellant's defense at trial was based upon the alibi testimony of his grandparents—Roosevelt and Mira Dailey, his girl friend—Connie Waity, and a male friend—Emory Pharris. The appellant testified on his own behalf. The alibi testimony attempted to establish that the appellant was at his grandparents' house most of the evening, and in particular, after 7:45 or 8:00 p.m.

Detective Vinroe testified on rebuttal that he spoke with the appellant's grandparents in September 1979, after the prosecutor received notice that the grandparents would be used as alibi witnesses. Vinroe testified that the grandparents told him the appellant and Emory Pharris left during the evening and took Connie Waity to her home. Vinroe's rebuttal testimony was admitted over the appellant's objection.

The jury returned a verdict of guilty of aggravated robbery. The appellant was sentenced to not less than five nor more than twenty years. Because the appellant used a firearm while committing the offense, the trial court denied probation pursuant to K.S.A. 1978 Supp. 21-4618. Appeal has been duly perfected.

The appellant's first challenge raises an issue as to the application of K.S.A. 1978 Supp. 21-4618 to his sentence. If K.S.A. 1978 Supp. 21-4618 applies, the appellant may not be placed on probation or parole before he serves the minimum sentence. He contends the 1979 amendment to the statute should have retroactive application, thereby exempting him as a person under eighteen (18) years of age from the statute's harsh effect. The offense for which the appellant was convicted occurred on April 3, 1979, and the appellant was then seventeen years old. The referral of the appellant from juvenile court to district court occurred on July 25, 1979, after the effective date of the amendment. The appellant was found guilty on October 25, 1979, and sentence was imposed on November 16, 1979.

Two recent cases have discussed possible retroactive application of the amendment. In *State v. Hutchison,* 228 Kan. 279, 615 P.2d 138 (1980), the court held the 1979 amendment should not be retroactive. In *State v. Purdy,* 228 Kan. 264, 273-74, 615 P.2d 131 (1980), we stated:

"Finally, defendant argues the court erred in sentencing him under the firearm statute, K.S.A. 1978 Supp. 21-4618, because the law was amended to exclude minors from its provisions, effective July 1, 1979. The mandatory sentencing provisions were applicable to this defendant at the time the offenses were committed and defendant was sentenced on May 11, 1979. Defendant contends had he been sentenced after July 1, 1979, the mandatory firearms statute would not have applied. He argues the new provision should be retroactively applied. This argument is extensively discussed in *State v. Hutchison,* 228 Kan. [279, 287, 615 P.2d 138 (1980)], wherein we hold retroactive application of the amendment would violate the statute's terms. We find no merit to this issue."

There is one difference between those two cases and the instant case. Hutchison and Purdy were tried and sentenced before July 1, 1979, the effective date of the amendment. Here the appellant was tried and sentenced *after* the effective date. This distinction should not change the result. The *Hutchison* analysis is equally applicable here for the following reasons:

(1) K.S.A. 1979 Supp. 21-4618 states that "[t]his section shall apply only to crimes committed after the effective date of this act." (But it must be noted this provision was in the original enactment in 1976.)

(2) The general rule of statutory construction should still apply—prospective application only. *Nitchals v. Williams,* 225 Kan. 285, 590 P.2d 582 (1979).

(3) The penalty applicable to a crime is that which is provided by statute at the time the crime is committed. *State v. Henning,* 3 Kan. App. 2d 607, 609, 599 P.2d 318 (1979).

The appellant next asserts the trial court erred in admitting the rebuttal testimony of Detective Richard L. Vinroe. The appellant properly notified the prosecuting attorney in advance of trial that the grandparents would testify to his alibi. At trial, the grandparents testified the appellant was at their home with friends most of the evening. Both grandparents specifically testified the appellant was at their house between 8:00 p.m. and 9:30 p.m. on April 3, 1979, and that Emory Pharris alone took Connie Waity home.

The State then recalled Detective Richard Vinroe as a rebuttal witness. Vinroe first rebutted portions of the appellant's testimony. Vinroe then stated that in an interview the grandparents had told him the appellant had left their home *with* Emory Pharris, to take Connie Waity home.

The appellant argues the State improperly failed to comply with K.S.A. 1979 Supp. 22-3218(2). That statute requires the prosecuting attorney to give notice to the defendant of "the names of the witnesses known to the prosecuting attorney which the state proposes to offer in rebuttal to discredit the defendant's alibi at the trial of the case." Here the prosecuting attorney had endorsed the name of Detective Richard Vinroe as a witness on the complaint-information.

We need not dwell on the appellant's argument made in his brief. Here, the record reveals the only objection by the appellant

to Detective Vinroe's rebuttal testimony concerning the grandparents was an objection to the foundation laid at the time the question was asked. The appellant wanted Vinroe to establish the *time* he conducted an interview with the grandparents. The trial court overruled the objection because Vinroe had testified the interview took place "toward the very last of September." The appellant did not pursue the objection at trial, and the motion for new trial makes no mention of the point asserted for the first time on appeal. Under the contemporaneous objection rule, failure to make timely, specific objection to the admissibility of evidence will bar consideration of the admissibility question on appellate review. K.S.A. 60-404. *State v. Whitehead,* 226 Kan. 719, 722, 602 P.2d 1263 (1979).

The appellant next contends the trial court erred in failing to give the following requested instruction: "The defendant does not have to prove his alibi defense." The appellant argues there is danger of the jury impermissibly shifting the burden of proof on the alibi issue to the defendant, especially when alibi is the sole defense.

In *State v. Rasler,* 216 Kan. 582, 586, 533 P.2d 1262 (1975), this court stated: "As previously indicated in *State v. Skinner,* 210 Kan. 354, 503 P.2d 168, and *State v. Murray* [210 Kan. 748, 504 P.2d 247 (1972)], we approve of the PIK Committee's recommendation that there be no separate instruction on alibi." Adequate and proper instructions were given on the elements of the crime charged and on the prosecution's burden to prove guilt beyond a reasonable doubt. The trial court did not err in its refusal to give the requested instruction.

Finally, the appellant contends the evidence is insufficient to support the verdict of guilty. He points to the inconsistencies and contradictions between the testimony of the State's witnesses, *e.g.* time of crime, weather on day of crime, movement and actions of the robbers in the restaurant and description of the robbers.

The often quoted test for sufficiency of evidence is: Does the evidence when viewed in the light most favorable to the prosecution convince the court that a rational fact finder could have found the defendant guilty beyond a reasonable doubt? *State v. McGhee,* 226 Kan. 698, 701, 602 P.2d 1339 (1979), *State v. Voiles,* 226 Kan. 469, 601 P.2d 1121 (1979).

After examining the record we are satisfied the inconsistencies

and contradictions between the witnesses appear to be normal disparities in perception and observation abilities of several people in a pizza restaurant. There was substantial competent testimony identifying the appellant as one of the robbers. The witnesses described the actions of the robbers in similar ways. As rational fact finders, the jury could properly have found the appellant guilty beyond a reasonable doubt.

The judgment of the lower court is affirmed.