No. 54,225

STATE OF KANSAS, *Appellee,* v. WALTER M. PETERS, *Appellant.*

(656 P.2d 768)

Opinion filed January 14, 1983.

*Mel Gregory,* of Wichita, argued the cause and was on the brief for appellant.

*Jeffrey A. DeHon,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Walter M. Peters appeals from his conviction by a jury of one count of aggravated robbery (K.S.A. 21-3427). The single issue on appeal is whether the trial court committed reversible error in giving an alibi defense instruction to the jury.

The instruction, given over the objection of the defendant, reads:

"INSTRUCTION No. 8.

"You are further instructed that one of the defenses made by the defendant in this case is what is known in law as an alibi. That is, the defendant was in another place at the time of the commission of the crime.

"This is a proper defense and the defendant is not required to prove an alibi beyond a reasonable doubt, or even by a preponderance of the evidence. It is sufficient to justify an acquittal if the evidence upon that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged, and the attempt of the defendant to prove an alibi does not shift the burden of proof from the prosecution, but the prosecution is bound to prove his presence, beyond a reasonable doubt. An alibi is easy to prove and hard to disprove, and testimony offered to prove this defense should be subjected, like all other evidence in the case, to rigid scrutiny for the reason that witnesses, even when truthful, may be honestly mistaken of, or forgetful of times and places."

The principal issue before the trial court was the identity of the person who robbed a Klepper Oil Company gas station in Wichita on September 3, 1981, and we do not deem a detailed statement of the facts to be necessary. Defendant was taken into

custody within hours of the robbery and, upon being returned to the crime scene by the police, the two attendants on duty at the time of the crime positively identified the defendant as the robber. At trial the defendant produced alibi testimony that he was somewhere else at the time the robbery took place. At the request of the defendant the court gave the jury an instruction on eyewitness identification testimony pursuant to *State v. Warren,* 230 Kan. 385, 635 P.2d 1236 (1981). The trial court, having given the *Warren* instruction, evidently felt compelled to give the alibi defense instruction when it was requested by the State. While we do not agree with the trial court's reasoning, we find no reversible error.

It is the contention of the defendant that the last sentence of the quoted instruction draws special attention to the alibi evidence and puts an unreasonable burden upon defendant. While this argument and the alibi instruction have been before the court many times, our most recent cases have discouraged its use.

The Committee on Pattern Jury Instructions has recommended that no separate instruction on alibi be given and in its comments at PIK Crim. 52.19, states:

"Alibi is not an affirmative defense, as is entrapment or insanity; it consists only of evidence showing that the defendant was not present at the time or place of the crime. This evidence should be considered as all other evidence. If an instruction is given, attention is called to the defendant's alibi, which connotes a burden not found in the law."

The admonition in PIK has been recognized and approved by this court in *State v. Dailey,* 228 Kan. 566, 618 P.2d 833 (1980); *State v. Rasler,* 216 Kan. 582, 533 P.2d 1262 (1975); *State v. Murray,* 210 Kan. 748, 504 P.2d 247 (1972), and *State v. Skinner,* 210 Kan. 354, 503 P.2d 168 (1972). PIK Crim. 2d 52.19 continues to recommend that no alibi defense instruction be given.

In *State v. Woolworth,* 148 Kan. 180, 81 P.2d 43 (1938), *cert. denied* 317 U.S. 671 (1942), the court found no error when the trial court gave an instruction identical to the one given in this case. Similar, although not identical, instructions were held not to constitute reversible error in *State v. Wright,* 138 Kan. 31, 23 P.2d 475 (1933), and *State v. Smith,* 114 Kan. 186, 217 Pac. 307 (1923). The trial court, during argument on the instruction, indicated that his reason for giving the instruction in the instant

case was because he felt obligated to give a *Warren*-type instruction on eyewitness identification testimony. Does the giving of a *Warren* instruction in a case where a defense of alibi is asserted automatically require or justify an alibi defense instruction? We think not. We see no rational connection which would require or justify an alibi defense instruction merely because the court felt a *Warren* instruction was proper. We again reaffirm our position that it is preferable that the trial courts refrain from giving the alibi instruction and this is true even though the court is of the opinion that a *Warren* instruction is required.

A majority of this court would adhere to our holding in *Murray,* and earlier cases, that the alibi instruction, when read in conjunction with all the other instructions including proper instructions on the elements of the crime and the prosecution's burden of proof, does not constitute reversible error.

The judgment is affirmed.

PRAGER, J., dissents.