(15 P.3d 855)

No. 84,219

STATE OF KANSAS, *Appellant,* v. AMANDA IRENE EDWARDS, *Appellee.*

Opinion filed December 22, 2000.

*Charles R. Reimer,* assistant district attorney, *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, for the appellant.

*Kevin Stamper,* of Cassell & Lower, of Wichita, and *William F. Cummings,* of Cummings & Cummings, L.L.C., of Wichita, for the appellee.

Before LEWIS, P.J., WAHL, S.J., and PATRICK D. MCANANY, District Judge, assigned.

LEWIS, J.: Defendant Amanda Irene Edwards was charged with driving while suspended, a severity level 9 nonperson felony; no proof of insurance; and driving without a tag assigned to the vehicle. The trial court dismissed the felony driving while suspended charge, and the State appeals from that order of dismissal.

We reverse and remand.

The crime of driving while suspended was committed by defendant on May 5, 1999. The complaint filed against her by the State was filed on June 27, 1999. Prior to July 1, 1999, the penalty for driving while suspended after two or more convictions was a

felony. The legislature amended K.S.A. 1998 Supp. 8-262(a) effective July 1, 1999, and the amendment changed the penalty for driving while suspended after two or more convictions from a felony to a misdemeanor.

Based upon the change in the statute, defendant argued that the date on which the classification of the crime was to be determined was the date of conviction. In other words, defendant argued she could not be convicted of a felony charge of driving while suspended because the statute had been changed on July 1, 1999, and on the date of her conviction, she would have been guilty only of a misdemeanor. The trial court agreed with defendant's argument and held the statute was to be applied based upon the date of defendant's conviction and not the date of the crime. Accordingly, the trial court dismissed the felony charge without prejudice.

Interpretation of a statute is a question of law over which we have unlimited review. *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998). We are not bound in any way by the trial court's interpretation of the statute. *Cure v. Board of Hodgeman County Comm'rs*, 263 Kan. 779, 782, 952 P.2d 920 (1998).

The facts are not at all complicated. Prior to July 1, 1999, if one were convicted of driving while suspended after two or more convictions, the conviction was a felony. Effective July 1, 1999, if one were convicted of driving while suspended after two or more convictions, the conviction was a misdemeanor. The question is whether the amendment to the statute applies to the instant matter. We hold that the trial court erred and that the amendment does not apply.

"It is well established that criminal statutes in effect at the time of the offense control the charge as well as the sentence resulting therefrom." *State v. Patry*, 266 Kan. 108, 111, 967 P.2d 737 (1998). The law is clear that a statute operates only prospectively unless the legislature clearly intends it is to operate retrospectively. However, when the statutory change is merely procedural or remedial in nature and does not affect the substantive rights of the parties, the statutory change will operate retrospectively as well as prospectively. The question in this case is whether 8-262(a) was a statute of substantive criminal law which either defines a crime or

involves the length or type of punishment. See *State v. Billington*, 24 Kan. App. 2d 759, 761, 953 P.2d 1059 (1998). "Changes in the length of sentences for criminal acts have been given prospective application only." *State v. Hutchison*, 228 Kan. 279, 287, 615 P.2d 138 (1980).

In *State v. Dailey*, 228 Kan. 566, 618 P.2d 833 (1980), the defendant was a minor who committed his crime prior to the effective date of an amendment to a firearms sentencing law which excluded minors from its scope. The question was whether the statute operated prospectively. The defendant was found guilty and sentenced after the effective date of the amendment, and the law in effect at the time the crime was committed was applied. Our Supreme Court held in this case that the fact that the defendant had been convicted and sentenced after the effective date of the statute made no difference. The court applied the general rule that statutes will be applied prospectively and that the penalty applicable to a crime is the penalty provided by statute at the time the crime was committed. See 228 Kan. at 569.

In this case, at the time defendant committed the crime, it was a felony. We have examined the language of K.S.A. 1999 Supp. 8-262(a), and it does not clearly state an intention on the part of the legislature for retroactive application. In accordance with the Supreme Court decision in *State v. Dailey*, the form of the statute which was in effect at the time the crime was committed applies. This means that in the event defendant is convicted of the charges, she will be convicted of a felony. We hold the trial court erred in dismissing the charge, and we reverse that decision and remand the matter with instructions to reinstate the felony charge against defendant and proceed to trial.

Reversed and remanded with instructions.